EQUITABLE MANUFACTURING COMPANY *v.* BIGGERS.

121　381
d122 811
121　381
s1241047

Where a written contract of bargain and sale stipulates that "This sale is made under inducements and representations herein expressed and no others," it is not a valid defense to an action for the price of the goods, that the purchaser was induced to enter into the agreement by reason of false representations made by an agent of the seller, but not contained in the contract, when there is nothing to show that the purchaser was misled or deceived as to its contents, or in any manner prevented from ascertaining the same.

Argued November 16,—Decided December 9, 1904.

Complaint. Before Judge Fite. Catoosa superior court. June 28, 1904.

*W. H. Odell* and *R. J. & J. McCamy,* for plaintiff.
*William E. Mann,* for defendant.

FISH, P. J. The Equitable Manufacturing Company sued Biggers for $185, the price of a lot of jewelry which he purchased from the plaintiff, under the terms of a written contract between them, a copy of which was attached to the petition. The contract contained the following stipulations: "This sale is made under inducements and representations herein expressed and no others. The purchaser hereby waives all right to claim failure of consideration or goods are not like sample or not according to order unless he has exhausted the terms of warranty and exchange." "Warranty and Exchange Obligation: — Any jewelry in this assortment failing to wear satisfactorily will be duplicated free of charge, if returned to us within five years. Jewelry can be exchanged for new jewelry in plated, filled, or solid gold, any time within twelve months from date of invoice." "The Equitable Mfg. Co. hereby agrees to send a good bond of $185, to South Chattanooga Saving Bank to protect the purchaser in all the conditions of trade, including the guarantee of profits of $58 a year, each year for three years per slip furnished by the Equitable Mfg. Co." One of the amended pleas filed by the defendant contained the following allegations: "Defendant says that the writing now attached to the petition was procured by fraudulent representation of the agent of the plaintiff in representing that said goods were merchantable and were all right, when in fact said representation made by said agent and there set out in said writing was false;

said agent guaranteed that defendant should have a profit of
$58.00 per year for room in his store." "Plaintiff moved to strike
all those portions of defendant's plea wherein he alleged that the
contract sued on was procured by fraud, on the ground that the
facts set up in these pleas did not state such fraud as the court
could thereon give relief." This motion was overruled by the
court, to which ruling the plaintiff excepted pendente lite. There
was a verdict for the defendant, and the plaintiff's motion for a
new trial being denied, it excepted, assigning error upon the ex-
ceptions pendente lite and upon the refusal to grant a new trial.

As will have been observed, the motion to strike was confined
to "those portions of defendant's plea wherein he alleged that the
contract sued on was procured by fraud." The amended plea from
which the allegations of the defendant quoted above are taken is
the only plea wherein the defendant averred that the contract was
procured by fraud; and in passing upon the assignment of error
on the overruling of the motion to strike, we are necessarily con-
fined to the question of the merits of that particular plea, not-
withstanding the arguments of counsel here were not so restricted.
We think it clear, in view of the explicit stipulations of the con-
tract of sale, and the entire absence of any averment in the plea
that the defendant was misled or deceived as to the contents of
the contract or in any manner prevented from ascertaining the
same, that he was estopped from setting up as a defense that he
was induced to execute the contract by reason of the fraudulent
representations of the plaintiff's agent as to the quality of the
goods purchased and guaranty of profits for room in the store.
"This sale is made under inducements and representations herein
expressed and no others," is the plain and unambiguous language
of the contract. The right to claim failure of consideration was
expressly waived, unless the defendant should exhaust the terms
of warranty and exchange as specified in the contract, and there
was not even an intimation in the plea that defendant had com-
plied, or made any effort to comply, with such terms. The plea
merely sought to set up that certain representations (presumably
oral) made by plaintiff's agent to defendant, contemporaneously
with the execution of the contract, and which induced defendant
to enter into the same, were false and fraudulent; and this, too, in
the face of the explicit agreement on the part of the defendant

that the contract was made under the inducements and representations expressed therein and no others. The plea was, for the reasons given, if for no others, without merit, and the court erred in refusing to strike it.

The view we have taken renders it unnecessary to pass on the assignments of error made in the motion for a new trial.

*Judgment reversed. All the Justices concur.*