### 3561.   MIZELL LIVE STOCK CO. *v.* BANKS.

1. The allegations of the plea of fraud set out a good defense.
2. The rule that parol testimony shall not be received to change or add to the terms of a written contract does not apply where the alleged contract was procured by fraud. In such case the contract is not binding upon the party defrauded, and may be rescinded at his instance.
3. There was no error, and the verdict is supported by some evidence.
          DECIDED JANUARY 15, 1912.

Attachment; from city court of Douglas—Judge Lankford. June 22, 1911.

*Rogers & Heath,* for plaintiff.
*O'Steen & Wallace,* for defendant.

HILL, C. J.   1. This was a suit on a note given for the purchase-price of a horse. The suit commenced by attachment and levy upon the horse. The defendant admitted the execution of the note, and that the plaintiff was the holder thereof. The defense relied upon was fraud by the plaintiff, which entitled the defendant to have the sale rescinded. The plea alleged, that the agent of the plaintiff, who sold the horse to the defendant, represented, at the time of the sale, that the horse was eight years old; that the defendant was ignorant of horses and did not know how to determine their age by inspection or examination, and that when he purchased the horse he relied absolutely on the agent's statement as to its age, and paid $50 cash and gave to the plaintiff the note sued on; that two or three days thereafter he discovered that the horse was from fifteen to sixteen years of age, the discovery being made through information given to him by a person who had previously owned the horse; that upon this discovery the defendant went at once to the

plaintiff, stated to him that his representation as to the horse's age was untrue, demanded a rescission of the sale, on account of the fraud perpetrated upon him, tendered the horse back, and demanded the return of his $50. Pending the litigation the horse was sold under a "short order," and was bought by the plaintiff for $185. The defendant amended his plea and asked for a judgment against the plaintiff, not only for the $50, but also for the $185 for which the horse had been sold, claiming title to the horse. The jury found a verdict for the defendant for $25, and the plaintiff filed a motion for a new trial, which was overruled, and he excepted.

Two controlling questions are made. The others are immaterial. A demurrer, on the ground that the plea set up no defense, but attempted to vary, alter, and contradict the terms of a written contract, was overruled, and exception was taken to this ruling. The purchase-money note contained the following express warranty: "This note is for the purchase-price of one sorrel mare about eight years old, name Hattie. Weight about 1425 pounds. The above-described property is sold without any guarantee as to its kind or quality, and is purchased by the maker of this obligation with the understanding that no warranty shall be implied as against the seller." It is insisted that this excluded the parol warranty that the horse was eight years old at the time of the sale. Even if this contention was true, the plea set up fraud and demanded a rescission for the fraud. It is only in the absence of fraud, accident, or mistake that a written contract which appears to be a complete and certain agreement between the parties will be conclusively presumed to contain all the terms and conditions of the contract, which can not be varied or contradicted by prior or contemporaneous verbal representations or statements. *Bullard* v. *Brewer,* 118 *Ga.* 198 (45 S. E. 711); *Fleming* v. *Satterfield,* 4 *Ga. App.* 351 (61 S. E. 518). There is quite a difference between an attempt to contradict the terms of a contract by parol testimony under a defense that the contract has been breached, and an effort to have the contract rescinded because of fraud in its procurement. *Pryor* v. *Ludden,* 134 *Ga.* 288 (67 S. E. 654). In this case, however, the written contract itself contained the express warranty that the horse was "about eight years old." The whole warranty should be construed together, and if there is an apparent contradiction between this

express warranty as to age, and the latter part of the warranty, which would seem to exclude any warranty as to kind or quality of the horse, and thus render the warranty as a whole ambiguous, it should be so construed as to reconcile all the parts thereof and permit the whole of the warranty to stand; and if this is impossible, it should be construed most strongly against the party who prepared it and in whose favor it was made. Construing all the parts of the warranty together, it means that except as to the fact that the mare was about eight years old, every other express warranty as to its kind or quality was excluded, as well as all implied warranties as to the soundness of the horse, etc. Certainly we can not exclude from this warranty the distinct statement that the horse was about eight years old. This is a material statement, the age of the horse being an important factor as to its value. The plea, therefore, can also be construed to be an attack upon the truth of this express warranty. For both of these reasons we think the judge very properly overruled the demurrer to the plea. The defense set up was a good one, both because it claimed a rescission of the sale, on account of the fraud specifically described, and because it alleged a specific breach of a material express warranty made in the written contract. The ruling on this point not only goes to the demurrer, but includes several of the grounds of the motion for a new trial.

2. The next point relied upon by the plaintiff in error was that the defendant, at the time he purchased the horse and before he signed the note sued upon, not only had full opportunity to examine the horse, but in fact did examine her and discovered the defect set up in his plea; it being contended that the age of the horse was a patent defect, discoverable by inspection, and that he was distinctly told by friends, who at his request examined the horse, that the representation as to her age was not true, but that on the contrary the horse was twelve or fourteen years old; and that notwithstanding these facts and with full knowledge of the falsity of the representation as to the age of the horse, he nevertheless accepted the horse, made a payment of $50 thereon, and gave the note sued on for the balance of the purchase-money, and this conduct of his amounted to a waiver, although the warranty as to age may have been express. It is contended that where an express warranty is set out, the purchaser is not bound to examine

the property or to exercise any diligence to discover defects; but that if he does in fact examine the property and discover defects, makes no objection thereto, and accepts the property and signs a contract, this amounts to a waiver of the defects, and he is bound by the contract; and that this would be true whether the effort was to rescind the contract for the fraud in the representation, or for damages for the breach of the express warranty. *Equitable Manufacturing Co.* v. *Biggers,* 121 *Ga.* 381 (49 S. E. 271) ; *Miller* v. *Roberts,* 9 *Ga. App.* 511 (71 S. E. 927). The defendant endeavored to avoid the effect of any information that he had as to the age of the horse, by evidence that, while it is true he was told by the vendor that the horse was eight years old, and was also told by a friend who had examined the horse before the purchase that she was from twelve to fourteen years old, yet, when he told the plaintiff of this fact, the plaintiff replied that it was not true, and insisted that the horse was eight years old and that he would guarantee such to be her age. We are inclined to think that it was a question for the jury to determine whether the defendant had the right to accept this positive statement and guaranty made by the plaintiff, and rely upon it, rather than rely upon the statement made to him by his friend, especially in view of the fact that the plaintiff (as the evidence shows) was an experienced dealer in horses.

While we have discussed these questions of law made under the evidence, we are impressed with the fact that regardless of them, in the absence of any material error of law, the verdict, which in effect declared a rescission of the sale because of this fraud, was substantially just and fair to both parties. The undisputed evidence shows that the plaintiff sold the horse to the defendant for $265, $50 cash, and the balance in the note sued upon. The plaintiff levied his attachment upon the horse for the purchase-money and had it sold under a "short" order of sale, and bought it in for $185. This would make $235 that he got for the horse, or $30 less than the amount that the plaintiff had agreed to pay. Even if we concede that the plaintiff was entitled to a verdict for this $30, resolving every issue in his favor and standing upon the strict letter of the law, yet when the evidence shows that the horse was in fact at least fourteen years old, and not eight, we think the plaintiff got full value for his property. The jury, in allowing the defendant $25 by way of recoupment, were probably moved to do

so by this practical, common-sense view of what was right between the parties, and by the additional fact that the defendant should pay for the use of the horse for the time he had used it, and therefore only gave him back half of the cash which he had paid at the time of the sale.     The verdict is manifestly substantially right and just, the trial judge approved it, and this court feels that no sufficient reason is shown why another trial should be granted. When substantial justice is reached in any case, litigation should end.                         *Judgment affirmed.*