### 12434. MORGAN v. DENTON.

Oral representations made to induce the signing of a contract for the purchase of land, which were alleged to be fraudulent, constituted no defense to an action on the contract, under the allegations of the defendant's plea; and the court did not err in striking the plea, on demurrer.

DECIDED APRIL 18, 1921.

Complaint; from Taliaferro superior court — Judge Shurley. April 18, 1921.

*Miles W. Lewis, Alvin G. Golucke, Hawes Cloud,* for plaintiff in error.

*B. F. Walker, B. J. Fowler, J. A. Mitchell,* contra.

LUKE, J. This suit was based upon a written contract for the purchase of four designated lots of a subdivision in Bibb county, Georgia. The contract recited a cash payment of $20, and provided for the giving of a note for $1180, the balance of the purchase-price. The note was to be executed upon delivery or tender to the purchaser, within 60 days from the date of the contract, of the seller's bond for title to the property. The contract was headed: " Contract of purchase and sale of real estate." It provided that " No statement or agreement made by agents or others is binding on either party hereto, except such as are written or printed herein." It further provided that " This agreement is not subject to countermand." The petition alleged that the defendant refused to give the note or pay the balance of the purchase-price. The defendant pleaded fraud in the procurement of the contract, and alleged that before the signing of the contract the agent of the

seller represented to the buyer that there would be located near said lots a hotel, a dancing pavilion, a grandstand, a public park, and a mineral spring so potent that it would restore youth, and that certain persons had recommended the purchase of these lots as a good and safe investment, and that if any purchaser was dissatisfied with the lot he had contracted for, upon seeing it, the purchase-price would be paid back and the contract cancelled. Other glowing statements of the possibilities of this property are alleged to have been made by the agent of the seller to the purchaser. It was further pleaded that the purchaser was a man 60 years old, and that, while capable of reading and writing to a limited extent, he could not do so without his glasses; that the agent told him that he was in a hurry to get away, and he signed the contract without reading all its terms. The plaintiff demurred to the plea and answer of the defendant, and the court sustained the demurrer.

It was not error for the court to sustain the demurrer to the answer and thereafter to direct a verdict for the plaintiff. The defendant was able to read, and there was no reason why he should have signed the contract so hurriedly as not to know its contents. The contract was plain, unambiguous, and certain.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*