### 15835. Couch v. Thompson.

STEPHENS, J. 1. In a suit by a purchaser of land against the seller for an apportionment of the purchase-money on account of a deficiency in the acreage of land sold by the tract, where the land is described as so many acres, more or less, the alleged fraud being that the seller, with knowledge of the boundaries, pointed out to the purchaser a false boundary and thereby induced the purchaser to purchase the land under a false belief as to the number of acres in the tract, where it appears from the evidence that the purchaser, before purchasing the land, carefully examined the description of the land contained in the deed under which the seller held, and went over the land with the seller and tracked the boundaries as described in the deed and satisfied himself thereof, that the land as described in the deed under which the seller held could be determined from the description by reference to either

the true or an alleged false boundary, that the true boundary as described in the deed was determined by the location of a certain fence, but that at the time of the purchase the true boundary was marked by an old fence row and the false boundary by a fence, it was a question for the jury to determine whether the purchaser had an equal opportunity with the seller to discover the alleged fraud on the part of the seller in misstating the boundary. The court, nowhere having given this principle in charge to the jury, erred in not charging the same as embodied in the written request to charge timely made, set out in ground 2 of the amendment to the motion for a new trial.

2. Since it appears from uncontradicted evidence that the seller knew the true boundary, and that therefore any alleged false representation which he may have made as respects the boundary of the land sold was necessarily made with knowledge of its falsity, it was not error to refuse a written request to charge, set out in ground 1 of the amendment to the motion for a new trial, to the effect that it must appear that the seller, in making the alleged false representation, acted with knowledge of its falsity.

3. Where, after discovering the fraud, the purchaser paid the purchase-money under an agreement with the seller that the seller would make good to him any damage resulting from the fraud, there was no waiver of the fraud. The court, therefore, did not err in failing to charge the jury that the purchaser, by having paid the purchase-money with knowledge of the fraud, waived the fraud. See, in this connection, L. R. A. 1918A, 106 et seq., note.

4. The request to charge, set out in ground 6, paragraph C, of the amendment to the motion for a new trial, being applicable to a breach of warranty, the court's refusal so to charge in a suit in which recovery is based on the ground of fraud and not upon the ground of a breach of warranty was not error.

5. Since it appears from uncontradicted evidence that the purchaser was damaged to the extent of the alleged deficiency in the acreage, it was not error for the court to fail to instruct the jury that the purchaser must show damage.

5. It appearing from uncontradicted evidence that the sale was by the tract described as containing one hundred fifty acres, more or less, it was error for the court to instruct the jury that the seller sold to the purchaser one hundred fifty acres of land.

7. It is not necessary to pass upon any of the other alleged errors, as it is not likely that they will occur upon another trial.

8. The court having erred in the charge as herein indicated, it was error to overrule the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided September 16, 1925.

Complaint; from Hall superior court—Judge J. B. Jones. July 28, 1924.

*E. D. Kenyon, A. C. Wheeler,* for plaintiff in error.