## WILLIAMS *v.* TOOMEY *et al.*

ATKINSON, J.  1. "Fraud voids all contracts." Civil Code, § 4254. "Concealment of material facts may in itself amount to a fraud—1. When direct inquiry is made, and the truth evaded." § 4114.

2. The stipulation in the contract that "it is expressly understood and agreed between the parties hereto that this contract as signed by them constitutes the sole and entire agreement by them, and no modification of this contract shall be binding upon either party unless in writing, signed by them, and attached hereto; and no representation, statement, or inducement, except as herein noted, shall be binding upon either or agent," can have no bearing in a case where fraud in procuring the signing of the instrument is the issue. *Barrie* v. *Miller,* 104 *Ga.* 312, 315 (30 S. E. 840, 69 Am. St. R. 171).

3. "The principal is bound by all representations made by his agent in the business of his agency, and also by his willful concealment of material facts, although they are unknown to the principal, and known only by the agent." Civil Code, § 3598.

4. The petition in this case alleged that immediately when petitioner ascertained the facts he delivered to the defendants the full possession of the property and addressed the defendants a letter wherein he advised that he had elected to rescind the contract. These allegations were sufficient upon the point of restitution by the petitioner.

5. Applying the above principles, the petition alleged a cause of action for rescission of the sales contract, and for cancellation of the contract together with the promissory notes executed in connection therewith;

and the trial judge did not err in overruling the general demurrer interposed by one of the defendants.

*Judgment affirmed.   All the Justices concur, except Gilbert, J., absent.*

No. 8227.   JULY 25, 1931.

202

*Roy S. Drennan,* for plaintiff in error.
*H. R. Lee* and *A. L. Henson,* contra.