## 25200. Atlanta Butchers Abattoir and Stock Yard Company v. Reaves.

Stephens, J. 1. Where a contract to purchase personal property provided that on delivery of the property the purchaser would "settle on delivery in cash or approved bankable notes as follows: $150 cash, $400 due December 1, 1934," it is immaterial that the purchaser, upon delivery of the property, did not execute a note for $400. In a suit on the contract, brought by the seller against the purchaser after December 1, 1934, to recover $400 with interest at the legal rate of 7 per cent. from that date, the petition was not subject to demurrer or motion to dismiss on the ground that it was not alleged that the defendant had refused to make bankable notes.

2. A defendant corporation doing business under a trade-name which has not registered as required by the act approved August 15, 1929 (Ga. L. 1929, p. 233, Code, § 106-301), requiring a person doing business under a trade-name to register in the office of the clerk of the superior court, can not avoid liability under its contract which is the subject-matter of the suit, on the ground of the defendant not having registered as required by the act.

3. A false and fraudulent representation of the character of personal property sold under a written contract, as to matter not contained in the contract but not contradictory of the character of the article sold as it is described in the contract, notwithstanding the contract may provide that the writing together with other warranties and agreements contained therein constitutes the entire contract, where made by the seller to the purchaser and which induced the purchaser, without knowledge of the falsity of the representation, to execute the contract, constitutes a fraud which authorizes the purchaser to rescind the contract. *Barrie* v. *Miller*, 104 *Ga.* 312 (30 S. E. 840, 69 Am. St. R. 171) ; *Williams* v. *Toomey*, 173 *Ga.* 199 (159 S. E. 866). Where a contract of sale contains a description of the property sold as being "1 No. 3 J. B. mill model T, with fan, belt, and hammers," and as being a "used mill," a representation made by the seller to the purchaser that the mill is a fertilizer mill and will grind fertilizer, is not a representation as to a matter contradictory to anything contained in the description of the property as expressed in the contract. Notwithstanding the contract contains a provision that the writing together with other warranties and agreements contained therein constitutes the contract between the parties, a representation made by the seller to the purchaser that the mill sold and delivered under the contract is a fertilizer mill, and that the parts of the mill are in good condition, and the mill will "properly serve defendant's purpose," which induces the purchaser to buy the mill and execute the contract, when in fact the representation is false and known by the seller to be false, and the mill sold and delivered is a feed mill and not a fertilizer mill, and will not grind fertilizer because the "hammers" break when the mill is used to grind fertilizer, where the representation is fraudulently made for the purpose of inducing the purchaser to execute the contract, and the purchaser, without knowledge

of the falsity of the representation but relying upon it, executes the contract, constitutes fraud which authorizes the purchaser to rescind the contract. In a suit by the seller against the purchaser to recover the purchase-money, a plea which sets out a rescission of the contract on account of such alleged fraud, and in which it is alleged that the purchaser, immediately upon a discovery of the fraud, communicated with the seller and tendered the mill back to him, sets out a legal defense to the suit. The purchaser, after having rescinded the contract on the ground of the alleged fraud, is entitled to recover of the seller the amount paid by the purchaser to the seller on the purchase-price of the mill, the amount expended by the purchaser in installing the mill before the discovery of the fraud, the expense of dismantling the mill after the discovery of the fraud, and an amount for storage of the mill by the purchaser; but the purchaser is not entitled to recover attorney's fees for defending the suit by the seller to recover the purchase-money.

4. This being a suit by the seller against the purchaser to recover the purchase-money, the petition, under the rulings contained in paragraphs 1 and 2, set out a cause of action, and the court did not err in overruling the defendant's motion to dismiss the petition. Under the ruling contained in paragraph 3, the court erred in striking the defendant's plea, in striking the defendant's counter-claim in its entirety, and in thereafter rendering a judgment for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 14, 1936. ADHERED TO ON REHEARING, JULY 30, 1936.

*W. P. Middlebrooks, Ezra E. Phillips,* for plaintiff in error.
*George P. Whitman,* contra.