## 28847.  KIMBROUGH v. ADAMS.

DECIDED JULY 9, 1941.  REHEARING DENIED JULY 28, 1941.

*Park & Park, Neely, Marshall & Greene, Edgar A. Neely Jr.,* for plaintiff in error.  *Miles W. Lewis,* contra.

STEPHENS, P. J.   W. H. Adams brought suit in Greene superior court against J. R. Kimbrough to recover the purchase-price of a certain used automobile truck.   The petition alleged that the defendant was indebted to the plaintiff in the sum of $417.50 besides interest and attorney's fees; that on March 5, 1940, the defendant purchased from the plaintiff a certain Chevrolet truck for $440, under a contract in which it was provided that title to the truck would not pass to the defendant "until this contract is completed and final payment made by" the defendant, that "no warranty whatsoever is given except as to title," and that "no agreement. either express or implied, shall be binding upon the seller unless incorporated herein and signed by the seller;" that on April 3, 1940, the defendant paid $22.50 on the purchase-money of the truck, that $170 of the purchase-price was evidenced by a promissory note payable to the plaintiff and dated March 5, 1940, which note was secured by a bill of sale to certain live stock therein described; that the plaintiff has foreclosed this bill of sale and the defendant has filed a counter affidavit in that proceeding which is pending in Greene superior court; that the balance of the purchase-price of $270 was evidenced by a promissory note executed March 5, 1940, by the defendant and payable to the plaintiff, in which note it was provided that title to the truck was retained by the payee until the principal sum together with interest and attorney's fees were paid in full.   The plaintiff prayed for a judgment against the defendant generally together with a special lien on the property described in the bill of sale and contract above referred to.

The defendant filed an answer in which he denied that he was indebted to the plaintiff.   He alleged that he was induced by false representations of the plaintiff as to the condition of the truck to

purchase the truck and sign the notes and contract sued on. He alleged substantially these facts: the defendant desired to purchase an automobile truck for the purpose of hauling saw logs to a sawmill and the plaintiff was acquainted with this fact. When the defendant purchased the truck he relied on the representations of the plaintiff as to its condition, and that it was reasonably suited for the purpose of hauling logs to the mill. "On these representations this defendant consummated the trade and executed the notes sued on." The defendant, in purchasing the truck from the plaintiff, dealt with John Bird, "the authorized agent of the said plaintiff to sell said truck." Bird stated that he was well acquainted with the truck and its condition, and that it was in good order and would do the work the defendant intended to use it for. Bird had been engaged for many years in selling automobiles, and "knew or ought to have known about the machinery of the truck sold this defendant." When the defendant purchased the truck he carried it to Greene County, and after a trial ascertained that it was not suitable to haul logs and was entirely worthless, and he then returned it to the plaintiff, for the plaintiff to remedy the defect and repair the truck. At the time the defendant purchased the truck the drive shaft was broken, and it had not been properly repaired; the motor would not pull and haul logs to the sawmill because it was worn out and would not crank, and the shafting was not suitable but was worn out and would not function properly. These defects were latent and could not be discovered by "extraordinary care and diligence by defendant and he was entirely ignorant" thereof, and relied entirely on the representations of Bird, the agent of the plaintiff, and was thereby induced to purchase the truck and execute the contracts and notes sued on. When the defendant first discovered the defects and that the truck would not haul saw logs to the mill, he carried the truck to the plaintiff's place of business to have the defects remedied. The plaintiff attempted to remedy the defects and failed. The defendant, after a "sincere effort to haul logs with the truck, and after giving the truck a fair trial, finally" carried the truck "back to said plaintiff and left it in his place of business . . where it has been ever since." It is alleged in the amendment that the untrue representations on the part of the plaintiff's agent amounted to actual fraud, and that the defendant is not indebted to the plaintiff in any

amount on the notes sued on, but the plaintiff is indebted to the defendant in the sum of $22.50, which the defendant paid on the notes on April 3, 1940. The defendant prayed that he have judgment against the plaintiff for such sum.

The plaintiff demurred to the answer on the ground that it set forth no defense, and that it was an attempt to vary by parol the terms of the unambiguous written contract of the parties. The plaintiff also demurred to the amendment on the ground that it set forth no defense either in and of itself or in connection with the original answer. The judge sustained the demurrer, struck the answer and amendment thereto, and directed a verdict for the plaintiff for the full amount sued for. To the verdict and judgment the defendant excepted directly, and assigned error on the order of the court sustaining the demurrer to the answer as amended, on the ground that the answer as amended set forth a good defense.

The defendant did not seek by his answer as amended to vary the provisions of the contract of sale, but alleged that because of untrue representations by the plaintiff as to the condition and suitableness of the truck the defendant was induced to purchase it and execute the notes and contract. "Fraud renders contracts voidable at the election of the injured party." Code, § 20-502. One induced by fraud to sign a written contract may set up the fraud in defense to an action against him on the contract. "Fraud . . by which the consent of a party has been obtained to a contract of sale, renders the same voidable at the election of the injured party." Code, § 96-201. In such a case it is not necessary that moral fraud be shown. The rule that parol agreements shall not be received to change or add to the terms of a written contract does not apply where the alleged contract was procured by fraud. A stipulation in a contract that the provisions thereof constitute the sole and entire agreement between the parties and that no modification thereof shall be binding on either party unless in writing and signed by the seller can have no bearing in a case where fraud to induce the contract is the issue. *Williams* v. *Toomey*, 173 *Ga.* 199 (159 S. E. 866); *Mizell Live Stock Co.* v. *Banks*, 10 *Ga. App.* 362 (73 S. E. 410); *Atlanta Butchers Abbatoir &c. Co.* v. *Reaves*, 54 *Ga. App.* 138 (187 S. E. 162).

It appears from the allegations of the plea as amended that after the defendant discovered that the truck was defective and would not

operate satisfactorily, and after he had taken the truck to the plaintiff several times and the plaintiff had attempted to remedy the defects and had failed to do so, the defendant returned the truck to the plaintiff and left it there. The defendant was justified, before rescinding the contract on the ground of the alleged fraudulent representations as to the condition of the truck which induced the sale, in giving the plaintiff the opportunity to correct the defects. On the plaintiff's failure to do so the defendant was justified in rescinding the sale and returning the truck to the plaintiff. The making of any payment by the defendant to the plaintiff on the purchase-price, if the defendant made any, before the truck was finally returned, and pending the efforts of the plaintiff to make the repairs, would not as a matter of law constitute a waiver by the defendant of any fraud of the plaintiff inducing the contract. In *Couch* v. *Thompson*, 34 *Ga. App.* 383 (3) (129 S. E. 794), the court held: "Where, after discovering the fraud, the purchaser paid the purchase-money under an agreement with the seller that the seller would make good to him any damage resulting from the fraud there was no waiver of the fraud." While it appears from the answer as amended that on April 3, 1940, the defendant paid the plaintiff $22.50 on the note, which was nearly a month after the defendant had discovered the defective condition of the truck, it does not appear whether this payment was made pending the efforts of the plaintiff to remedy the defects in the truck and before the defendant returned the truck to the plaintiff, or whether this payment was made after the termination of the plaintiff's efforts to remedy the defects. While the burden is on the defendant to set up fraud in the plaintiff inducing the making of the contract and the restoration of the truck to the plaintiff on discovery of the fraud and after the attempts of the plaintiff to remedy the defects had failed, no burden rests on the defendant to show that he did not at any time waive the fraud. And where it does not appear affirmatively in his plea and answer that he did waive the fraud by any act on his part, as such payment on the purchase-price which would amount to a waiver, the plea and answer sets up the defense of fraud. So far as it appears from the plea and answer the payment, although made nearly a month after the defendant had discovered the defects in the truck, may have been made pending the plaintiff's efforts to remedy the defects and before the termination

of such efforts by the plaintiff. It is reasonably inferable from the allegations of the plea as amended that the alleged payment was made before the termination by the plaintiff of his efforts to remedy the defects in the truck.

The answer as amended, which set up fraud in the procurement of the contract and prayed for a recovery of the money which the defendant had paid on the purchase-price, was good as against the general demurrer. See *Mizell Live Stock Co.* v. *Banks,* 10 *Ga. App.* 362 (73 S. E. 410).

The court erred in striking the answer and the amendment thereto, and in thereafter directing a verdict for the plaintiff.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*