24411.   CAMPBELL et al. v. BROCK et al.

SUBMITTED DECEMBER 12, 1967—DECIDED JANUARY 4, 1968—
REHEARING DENIED JANUARY 18, 1968.

*George P. Dillard, Edward D. Wheeler,* for appellants.

*Zachary, Hunter, Zachary & Bowden, John H. Ramsaur, John Calvin Hunter,* for appellees.

GRICE, Justice. Rulings in an action to enjoin interference with an access area in a real estate subdivision are here for review. The suit was filed in the Superior Court of DeKalb County by Lavoy Brock and three others against F. Coin Campbell, Jr., Elvin B. Burney, and another party which was subsequently stricken, seeking injunctive relief against bulldozing and eliminating a 20-foot access area bordering on the plaintiffs' properties. The trial court ruled against the defendants' attacks upon the pleadings and granted a temporary injunction in favor of the plaintiffs.

Enumerated as error are the overruling of the defendants' general demurrers to the amended petition, the denying of their motions to dismiss the petition and an amendment for duplicity, finding that the plaintiffs had acquired an easement by grant to the access area, and restraining and enjoining the defendants from coming upon, grading, interfering with or further cutting away the access area.

The controversy is over a strip of land 20 feet wide adjoining the rear of the plaintiffs' properties. It is shown on the plat referred to in their deeds and is designated on the plat as "20' access." Also appearing thereon is a recital signed by the defendant Campbell that "The owner of the land shown on this plat . . . dedicates to the use of the public forever all streets, alleys . . . easements . . . thereon shown for the purposes and considerations thereon expressed."

In their original petition the plaintiffs alleged that the defendants were proceeding in violation of the above quoted recital, in that, despite their protests, the defendant Burney through a named operator was bulldozing and obliterating the access area.

In their amendments to the petition the plaintiffs averred that

they had acquired an easement by grant to the access area. In this connection they alleged substantially as follows: that the defendant Campbell was president of a named company which owned the property when the property was subdivided and when he signed the recital on the plat above referred to; that thereafter, with full knowledge of the survey and plat showing the 20-foot access area, he acquired each of the lots in question by deeds from that company; that as common grantor he conveyed each of the lots to various persons including the plaintiffs or their predecessors in title; that in every instance in describing the lots these deeds referred to the recorded plats reflecting the 20-foot access area; that the purchasers thereof acquired a perpetual and indefeasible easement over such access area as a means of ingress and egress to their lots; that the plaintiffs and their families have used the access as a road and means of way to their respective properties until the grading and denial of use by the defendant Burney; and that the grading constitutes a continuing trespass and should be enjoined.

To the petition as thus amended the defendants interposed general and special demurrers. Rulings on the latter are not involved in this appeal.

The defendants also filed answers which denied the essential allegations of the petition and alleged that the access area was intended for use of owners of land south and southwest of plaintiffs' property; that the bulldozing of the area did not violate any provision of the plat; that it was the defendants' intention to dedicate this area as a public road to serve property to the south and southwest but the county refused to accept it; that the defendants replatted it so as to include the access area in lots which adjoin plaintiffs' property; and that such access area has never been developed, opened or used as a road.

■ The petition, as we appraise it, alleges a cause of action. It comes well within the rule that "When . . . the owner of a tract or boundary of land divides it into lots, streets, and alleys, causes a map or plat of the same to be made and duly recorded whereby the lots, streets, and alleys are delineated, and sells the lots with reference thereto, the purchasers acquire private property rights in the streets and alleys of the subdivision."

*Owens Hardware Co. v. Walters*, 210 Ga. 321 (1) (80 SE2d 285). See also, *Davis v. City of Valdosta*, 223 Ga. 523 (156 SE2d 345). The basis for this rule is estoppel, as these cases indicate.

The contention is made that the petition is based upon dedication of the access area for public purposes but that it does not show that the area has been accepted by the county so as to complete the dedication. This contention cannot be sustained in view of the allegations as to private easement by grant and the *Owens* case, 210 Ga. 321 (1), supra, which also holds that ". . . it is not essential to the acquisiton of such easement by the purchasers that there was a dedication of the street to public use and acceptance thereof by the public, evidenced by its use."

The petition also pleaded necessity for injunction.

Therefore, the trial court properly overruled the general demurrers to the petition.

■ The oral motions to dismiss the petition and an amendment upon the ground of duplicity were properly denied—and this is true whether these rulings were made pursuant to the new Civil Practice Act (Ga. L. 1966, p. 609, as amended), or to the law as it existed prior to that Act. Under the Civil Practice Act a party may state as many separate claims as he has, regardless of consistency. Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108 (e) (2). Under the prior law the defect of duplicity could be reached only by special demurrer. *Grant v. Hart*, 192 Ga. 153 (4) (14 SE2d 860).

■ Under the ruling in Division 1, the verified petition, which along with other pleadings was introduced into evidence, provided the proof of necessary facts for the temporary injunction. Nothing in the answers of the defendants, or any testimony adduced, required a contrary finding.

Where, as here, the grant or denial of a temporary injunction rested within the sound discretion of the trial judge, and no abuse of discretion appears, his decision will be affirmed.

*Judgments affirmed. All the Justices concur.*