## 27597. NELSON REALTY COMPANY, INC. v. JOINER et al.

UNDERCOFLER, Justice. Daniel John Alder and Marie Portario Alder filed a complaint against Jean E. Joiner, Jesse Joiner, Nelson Realty Company and others and alleged that they had entered into a contract to purchase the residence of Jean and Jesse Joiner for $24,000; that the property was advertised

and listed for sale by Nelson Realty Company; that Jean Joiner was a real estate sales agent of Nelson Realty Company and desired to sell the residence in such a manner that the realty company would receive the benefits of the real estate commission; that Jean Joiner prior to and subsequent to the execution of the sales contract acted as both seller and agent with full knowledge and consent of the realty company; that the sales contract provided that the seller was to furnish a letter of inspection from a bonded pest control company showing that the property was free and clear of all termites, wood-eating bugs and/or damage at the time of closing and that any repairs necessary were to be paid by the seller; that Jean Joiner furnished to the purchasers a fraudulent and false letter of termite inspection from the Southeastern Exterminating Company, Inc. which was procured and presented by Jean Joiner with full knowledge of the misrepresentations contained therein, and that said knowledge was also the knowledge of the realty company because of the principal-agent relationship; that the complainants offered to restore Jean Joiner to her status prior to the closing of this transaction but the offer has not been accepted; that complainants took possession of the house in October 1971; that within a week thereof they discovered termite damage and infestation; and the complaint was filed in January, 1972. The complainant sought cancellation of the note, security deed and warranty deed involved in the purchase transaction and in the alternative sought damages.

The defendant Nelson Realty Company filed a motion for summary judgment on the grounds that there were no material issues of fact in the case, that there was no evidence or admitted facts sufficient to sustain a verdict or judgment against it, and that it was entitled to a summary judgment as a matter of law. The

affidavit in support of the motion asserts that the realty company's sole involvement in the transaction was the finding of a willing purchaser for the premises; that the transaction was completed when the complainants contracted to purchase the premises; that no agent of the realty company while acting within the scope of employment, represented, conveyed to or told the plaintiffs or either of them, either by act or omission, anything whatsoever about insect infestation or lack thereof in or about the subject premises.

The affidavit of the complainants on motion for summary judgment asserted that Jean Joiner and Jesse Joiner represented to them that they would take care of the termite inspection letter and that an FHA inspector had pulled back the baseboards in the subject property for the purpose of such inspection and that no termite damage or infestation was found on such inspection; that the complainants had made a reasonable inspection and could not determine whether termite infestation or damage existed and after their inspection they relied on Jean Joiner's representations to provide a letter of termite inspection; and they relied on the contentions of said letter of inspection upon its production at the time of closing; that at the time of closing Jean Joiner stated that the termite infestation and damage which had previously existed had been corrected; that subsequent to the closing they removed some wallpaper and noticed extensive cracking in the walls; that an investigation by an inspector of the Department of Agriculture revealed much damage which had not been corrected; that the existence of the damage was contrary to the terms of the termite letter produced by Jean Joiner from the Southeastern Exterminating Company, Inc.; that the representations by Jean Joiner were contradictory to the terms of the written sales contract between Jean

Joiner and them; that the cost of repairing the termite damage and infestation existing at the time of closing has been determined to be approximately $5,000; and that Jean Joiner was the only agent of the realty company with which the affiants negotiated the purchase of the subject property.

The trial court overruled the motion for summary judgment and certified the ruling for immediate review by this court. *Held:*

1. "Fraud renders contracts voidable at the election of the injured party." Code § 20-502.

2. "The principal shall be bound by all representations made by his agent in the business of his agency; and also by his wilful concealment of material facts, although they are unknown to the principal, and known only by the agent." Code § 4-307. *Williams v. Toomey,* 173 Ga. 199 (1, 2, 3) (159 SE 866); and *Puckett v. Reese,* 203 Ga. 716 (2) (48 SE2d 297).

3. Under the facts of this case the trial court properly overruled the motion of Nelson Realty Company for summary judgment.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED DECEMBER 12, 1972 — DECIDED JANUARY 4, 1973.

*Westmoreland, Hall & Bryan, J. M. Crawford, George W. Bryan, Jr.,* for appellant.

*Joseph Szczecko, Swertfeger, Scott, Pike & Simmons, James C. Howard, H. H. Hargett, Jerome C. Ware,* for appellees.