## 49987. KOT v. RICHARD P. RITA PERSONNEL SYSTEM INTERNATIONAL, INC.

CLARK, Judge.

This marks the second appearance of this case in our appellate courts. In a previous appeal,[1] the Supreme Court denied plaintiff, Richard P. Rita Personnel System International, Inc. (hereinafter referred to as "Rita"), injunctive relief with respect to a covenant not to compete. In this appeal, defendant, M. R. Kot, seeks to reverse the trial court's judgment awarding Rita $16,431.47 for breach of contract. Kot had performed under this agreement for 15 months before the alleged breach.

The contract giving rise to this dispute is a franchise agreement whereby Rita was to provide Kot with a "Richard P. Rita" personnel employment service operation. In doing so, Rita agreed that in addition to certain services, it would supply specific supplies and articles. Kot was to pay $25,000 plus a monthly royalty of 7% of his gross placement fees. Of this amount $14,000 was paid in cash, the balance being represented by a promissory note payable in monthly instalments. The agreement was executed on November 11, 1969. It contains a disclaimer provision which reads: "This instrument constitutes the entire agreement between the parties and any representations, inducements, promises or agreements, oral or otherwise, not embodied herein, shall not be binding upon the parties hereto."

In spite of the merger clause, Kot pleaded (as his basis for both a defense and counterclaim) that Rita induced him to enter the franchise agreement by means of false and fraudulent representations. However, upon the trial of the case, the court refused to permit Kot to introduce any evidence of the alleged antecedent fraud.

Following the rendition of an adverse verdict and judgment, Kot timely filed his notice of appeal. He assigns error upon the trial court's evidentiary ruling.

"Where the purchaser of personal property has been injured by the false and fraudulent representations of the

---

[1] *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79).

seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article, and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article, and seek damages resulting from the fraudulent misrepresentation." *Nichols v. Williams Pontiac, Inc.,* 95 Ga. App. 752 (98 SE2d 659). Thus, where a purchaser has been induced to enter a contract by the false and fraudulent representations of the seller, he can recover damages in tort if he rescinds the contract and returns (or offers to return) the goods purchased. *City Dodge, Inc. v. Gardner,* 130 Ga. App. 502 (203 SE2d 729), aff'd, 232 Ga. 766 (208 SE2d 794). On the other hand, where the purchaser affirms a contract which contains a merger or disclaimer provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentation and his action for fraud must fail. *Brown v. Ragsdale Motors,* 65 Ga. App. 727 (16 SE2d 176); *Holbrook v. Capital Auto. Co.,* 111 Ga. App. 601 (142 SE2d 288); *Rogers-Farmer Metro Chrysler-Plymouth, Inc. v. Barnett,* 125 Ga. App. 494 (188 SE2d 122).

Likewise, where the buyer demonstrates that he rescinded the contract on account of antecedent fraud and offered to return the purchased product to the seller, a legal defense to a seller's contract action is established notwithstanding the existence of a merger clause within the rescinded contract. *Atlanta Butchers Abattoir &c. Co. v. Reaves,* 54 Ga. App. 138 (187 SE 162). But where the purchaser failed to rescind the contract, a plea of fraud in the procurement constitutes no defense to the seller's action on the contract if a disclaimer provision is contained therein. *Equitable Mfg. Co. v. Biggers,* 121 Ga. 381 (49 SE 271); *Morgan v. Denton,* 28 Ga. App. 88 (110 SE 328).

Thus, if a buyer is to escape the disclaimer provision of a contract allegedly procured by fraud, it is imperative that he rescind the contract coupled with an offer to restore to the seller the purchased articles.[2] As this court

---

[2]See generally Smith & Bridges, Fraud—Right of Buyer to Ex Parte Rescind and Sue for Fraud and Deceit

noted in *City Dodge, Inc. v. Gardner,* supra, "It is the fact of this effective rescission and continuing tender which takes the instant case out of the category of those decisions holding that a buyer of an automobile is precluded from recovery for fraudulent misrepresentations occurring during purchase negotiations when he subsequently signs a contract containing a disclaimer of any warranties except those expressed in writing . . ."

A review of the evidence adduced below demmonstrates that Kot failed to rescind his contract with Rita. Defendant not only failed to tender the articles received pursuant to the contract, but he refused to surrender those articles when requested to do so by Rita.

Having failed to rescind the contract, Kot is bound by its terms, including the disclaimer provision therein. Accordingly, the trial court did not err in refusing to permit Kot to introduce evidence of the alleged procuring fraud.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 9, 1975 — DECIDED MARCH 18, 1975 — REHEARING DENIED APRIL 4, 1975 —

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr., John V. Skinner, Jr.,* for appellant.
*Alston, Miller & Gaines, W. T. Walsh,* for appellee.

Recognized Without Regard to Contents of Sales Contract. 11 Ga. S. B. J. 172 (1975).