*Charles N. Field, Sheri H. Silverman,* for appellee.

## 58946. KESSLER et al. v. PULTE HOME CORPORATION et al.

SHULMAN, Judge.

After certain alleged construction deficiencies had not been corrected to appellants' satisfaction and a lake located five feet from appellants' rear property line had been drained, appellants-purchasers of a new house from appellee-Pulte Home Corporation (builder/developer/seller) filed suit seeking to recover damages. From the grant of summary judgment in favor of appellee-Pulte Home and appellee-Crace (Pulte Home's project supervisor and construction manager) as to Count 1 of appellants' three-count complaint, this appeal is brought. We reverse.

1. As framed by the pleadings and developed by the evidence submitted on the motion for summary judgment, Count 1 alleges that appellees had violated a duty to disclose that the lake near appellants' rear property line was going to be drained. We agree with appellants' contentions that summary judgment was improperly granted on this count.

A. Appellants presented evidence that appellee-Crace had stated to them that the lake would exist in perpetuity unless drained by reason of natural forces and that this representation had induced appellants to purchase the house. Although Crace expressly averred that he had no knowledge of the falsity of his statement concerning the continued existence of the lake, appellee-Crace failed to set forth any factual averments indicating that Crace either knew or believed his statement to be true when made. See in this regard *Boroughs v. Belcher,* 211 Ga. 273 (1) (85 SE2d 422). Appellee-Crace's failure to address this issue precludes summary judgment in his favor. See *Crosby v. Meeks,* 108 Ga. 126, 130-131 (33 SE 913), holding an agent individually liable for misrepresentations. See also *Wilkes v. Rankin-Whitten Realty Co.,* 65 Ga. App. 341, 345 (16 SE2d

170) (Presiding Judge Stephens, dissenting), recognizing the rule that an agent is personally liable for misrepresentations made in connection with the sale of the principal's property.

B. On motion for summary judgment, appellants submitted plats of the subdivision in which appellants' house was located, which plats showed the presence of the lake within close proximity to appellants' rear property line. Cf. generally *Walker v. Duncan,* 236 Ga. 331 (223 SE2d 675), as to rights conferred by reason of a plat. Appellee-Pulte Home admitted that it had discussed draining the lake with other members of the subdivision at the time of the execution of the sales contract involved in this case, but that it did not disclose this fact to appellants. Since this evidence sufficiently raised genuine fact questions as to appellee-Pulte Home's liability for failing to disclose that the development of the subdivision might not conform to the plats, it follows that summary judgment should not have been entered in appellee-Pulte Home's favor. *Cato v. English,* 228 Ga. 120 (2) (184 SE2d 161). See also *Hayes v. Hallmark Apts.,* 232 Ga. 307 (1) (207 SE2d 197).

2. Appellee-Pulte Home submits that a merger clause in the sales contract between Pulte Home and appellant Mr. Kessler (providing that no representations, statements or inducements not in the contract would be binding on the parties) precludes appellants from raising any alleged misrepresentations concerning the status of the lake. See *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587 (83 SE2d 580); *Morgan v. Denton,* 28 Ga. App. 88 (110 SE 328).

The evidence submitted on summary judgment indicates that the property forming the subject of this lawsuit was sold with reference to recorded plats of the subdivision which show the lake. Since this evidence raised an issue as to whether the subdivision plans thereby became a part of the sales contract (*Walker v. Duncan,* supra; see *Campbell v. Empire Land Co.,* 163 Ga. 815 (137 SE 240); *Campbell v. Brock,* 224 Ga. 16 (1) (159 SE2d 409)), appellants are not precluded by the merger clause from raising their claim. *Gem City Motors v. Minton,* 109 Ga. App. 842 (2) (137 SE2d 522).

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 14, 1980 —
REHEARING DENIED JANUARY 28, 1980.

*Stanton J. Shapiro,* for appellants.
*Dick Wilson, Jr.,* for appellees.