Beasley, Hallett & Co. *v.* Huyett & Smith Mfg. Co.

1. A "dry kiln," an apparatus for drying lumber, being sold and "warranted to be of good material, well made and with proper management capable of doing as good work as similar articles of any other manufacturer in the United States," with a stipulation that "if said machinery or any part thereof shall fail to fill this warranty within thirty days of first use, written notice shall be given to the sellers, stating wherein it fails to fill the warranty, and time, opportunity and friendly assistance given to reach the machinery and remedy any defects. . . . Continued possession or use of the machinery after the expiration of the time named above shall be conclusive evidence that the warranty is fulfilled," the reasonable and proper construction of the warranty is that it undertakes to protect the purchaser against all defects discoverable and actually discovered within thirty days of first use, of which written notice shall be given, defects not discoverable or not discovered until after the expiration of thirty days being at the purchaser's risk.
2. To an action upon one of several promissory notes given for the price of the dry kiln above mentioned, all the others being previously paid, a plea alleging a partial failure of consideration on account of defects in the engine and piping (parts of the machinery included in the dry kiln), is no defence, the plea not alleging that any written notice of these defects had been given, and no point being made that the written contract introduced by the plaintiff in evidence, which contract contained the warranty and the stipulations in regard thereto, was not set out in the plaintiff's pleadings. Had this point been made, that contract, although in evidence, could not have been considered upon a motion to strike the plea.

3. But the plea of partial failure of consideration being amended and
   enlarged by a further plea of actual fraud on the part of the plain-
   tiff by having knowledge of and fraudulently concealing the al-
   leged defects, knowing that they were latent and could not be dis-
   covered within thirty days from the first use of the apparatus, as.
   in fact they were not, would be a defence to the action to the ex-
   tent at least of the partial failure of consideration occasioned by
   the fraud.  The court erred in striking the special plea as finally
   shaped by the plea of fraud, and in directing a verdict for the
   plaintiff.

July 17, 1893.

Complaint on promissory note.   Before Judge JANES.
Polk superior court.   August term, 1892.

The note sued on was given in part payment for a dry
kiln sold by the payee to the makers.   At the trial
plaintiff introduced a written order or contract signed
by both parties.   On motion the court struck defend-
ants' pleas save that of the general issue, on the ground
that they were insufficient in law.   Defendants then
offered another plea, which also was stricken on the
same ground.   The court then directed a verdict for
plaintiff.   Defendants excepted.

The contract in evidence directs to be shipped to de-
fendants one Huyett & Smith dry kiln complete, as set.
forth in estimate number one, being a full equipment.
for a kiln to dry 10,000 feet a day, except building
wood-work, as described and illustrated in Huyett &
Smith catalogue, with fixtures, etc., which defendants
agree to receive subject to the conditions hereafter
stated, and to give three notes for $350 each, at three,.
six and nine months.   As a condition hereof, it is agreed
that this order is given subject to the acceptance of
Huyett & Smith, and that no promises, whether of agent,
employee or attorney, in respect to the payments,
security or machinery named, will be considered binding
unless made in writing and ratified by the home or
branch office.   The kiln is "warranted to be of good
material, well made, and with proper management capa-

ble of doing as good work as similar articles of any other manufacturer in the United States. If said machinery or any part thereof, shall fail to fill this warranty within thirty days of first use, written notice shall be given to H. & S., stating wherein it fails to fill the warranty, and time, opportunity and friendly assistance given to reach the machinery and remedy any defects. If the defective kiln cannot then be made to fill the warranty, it may be returned by the undersigned to the place where received, and another furnished on the same terms of warranty, without cost to the purchaser, or money and notes to the amount represented by the defective part shall be returned, and no further claim be made on Huyett & Smith. Continued possession or use of the machinery, after the expiration of the time named above, shall be conclusive evidence that the warranty is fulfilled. In case any casting fail through defect in its material during the first season, such defective piece shall be replaced without charge, except freight or express charges; but on any claim for replacement of defective part, the defective piece shall be presented to H & S., or to the dealer from whom the machinery was ordered, and shall clearly show the defects. Defects or failure in one part shall not condemn or be grounds for claiming renewal, or for the return of any other part," etc.

The pleas first stricken were: Consideration of the contract sued on has partially failed; for defendants agreed to pay plaintiff $1,050 for a dry kiln consisting of a small engine, a blower, 4,000 feet of piping, 200 feet of railroad iron, and forty-eight truck wheels, a part of the price of which is the subject-matter of this action, which plaintiff "referred" to defendants to be good and well suited to the purpose for which they were bought. Defendants relying on the statements of plaintiff bought the dry kiln for the sum mentioned, all of which they have paid except the note sued on. At the

time of the purchase the engine was weak and frail and too small for the use intended, and had in the course of a few months to be abandoned as worthless. It was priced at $100 in the trade, and was not worth more than $25. The piping was defectively made, in that it was full of small holes and cracks and let the steam escape; the steam was forced into the kiln, instead of dry air which defendants wanted and expected. The piping was priced at $750 in the trade, and was not worth more than $100. By reason of the defective machinery as set forth above, defendants were damaged $1,000. They were operating a planing-mill, and the kiln which they bought from plaintiff was intended to dry the lumber for market. They sold 75,000 feet of lumber which they thought was dried properly by said machinery, but it was not properly dried, and they lost $2 on each 1,000 feet. By reason of the defective machinery their mill was stopped ten days, entailing on them a loss of $15 per day. They spent in repairing the machinery $150, and were damaged by their failure to sell other lumber $550. All of which they plead by way of recoupment.

The plea offered at the trial alleged : It is true that the note sued on was given for machinery, and that the consideration of it has partially failed, to the extent and in the manner set forth in the pleas heretofore filed, which are made part of this plea. Defendants entered into a contract with plaintiff, February 7, 1889, as to the purchase of the machinery (setting forth a copy of the contract above set out). Defendants did not give the thirty days' notice of the failure and breach of the warranty, within thirty days from first use of the machinery, as stipulated in the contract; but did so as soon as they learned of the defects specified in the pleas above, and called upon plaintiff to comply with its agreement in the contract specified, but this plaintiff failed and refused to do. Defendants used skill and diligence in using and

testing the machinery and in endeavoring to find out any defects therein within the time stipulated in the contract, but were unable to find such defects for several weeks after the thirty days expired, because the defects were so latent and concealed and of such a nature as to make it impossible to detect them until after being used considerably longer than thirty days. At the time the sale and contract were made plaintiff knew that said defects existed, and that they were so latent and concealed and of such a nature as not to be discovered within thirty days from their first use; but knowing this, plaintiff falsely and fraudulently represented to defendants that there were no defects in the machinery, and that no defects could exist in it which would not appear within thirty days from its first use, and that the machinery was of good material, well made, and with proper management capable of doing as good work as similar articles of any other manufacturer in the United States. All of these representations were false and fraudulent, and made to induce defendants to sign the contract and purchase the machinery. For this reason the contract is void and defendants are not bound by it. Wherefore they pray to be allowed to renew the plea of partial failure of consideration and recoupment, and for rescission of the contract of sale as contained in the pleas before filed, just as though said fraudulent contract had never been executed.

BLANCE & NOYES, for plaintiffs in error.

IVY F. THOMPSON, contra.

BLECKLEY, Chief Justice.

1. What was the warranty? It was, that the dry kiln was of good material, well made, and with proper management capable of doing as good work as similar articles of any other manufacturer in the United States. What was the consequence stipulated for between the

parties, of a failure of this warranty? It was, that written notice should be given to the warrantors, stating wherein the kiln failed, and time, opportunity and friendly assistance were to be given to reach the kiln and remedy the defects. This notice was to be given and the defects were to be remedied if the failure occurred within thirty days of first use. The contract added : " Continued possession or use of the machinery after the expiration of the time named above, shall be conclusive evidence that the warranty is fulfilled." Did the warranty extend to any defects not actually discovered within thirty days of first use, or to any which were so discovered if there was a failure to give written notice of the same? We think not. The fair construction of the contract, as a whole, is that thirty days would be allowed to test the kiln and develop any defects which could be and were discovered within that time, but as to any which were not discoverable or not actually discovered until the expiration of the thirty days the purchasers took the risk. It will be noticed that possession or use of the machinery after the time limited was to be conclusive evidence that the whole warranty, not merely a part of it, was fulfilled. This stipulation manifests an intention to restrict the general words in which the warranty was expressed, from their apparent application to all defects whatsoever, to such of them as should be discovered within thirty days from first use. Perhaps a more accurate statement would be, that the warranty embraces all defects whatsoever, and the stipulation introduces a condition equivalent to the expression, "provided they are discovered within the specified time and written notice thereof be given." What we have said treats the warranty as an honest contract made upon an honest and fair sale of the property, with no fraud or fraudulent concealment on the part of the warrantors.

2. The plea of partial failure of consideration not al-

leging that any written notice was given of the defects therein mentioned was no defence to the action, testing it by the contract containing the warranty which was in evidence.   No point seems to have been made that it could not be so tested for the reason that the contract was not set out in the declaration.   Had this point been made, of course the declaration alóne could have been regarded in testing the plea on motion to strike it.

3. But the plea of partial failure of consideration, when amended and enlarged by the further plea of actual fraud on the part of the plaintiff by having knowledge of and fraudulently concealing the alleged defects, knowing that they were latent and could not be discovered within thirty days from the first use of the apparatus (and in fact they were not discovered until afterwards), would be a defence to the action to the extent, at least, of the partial failure of consideration occasioned by the fraud.   There can be no doubt that it is a fraud for manufacturers of machinery to fill it with latent defects not discoverable in thirty days, and then sell it as good but warranting the same only as against defects actually discovered within thirty days, they knowing that the existing defects are not discoverable within that time, and concealing both the defects and their knowledge of them.   To do this would be practicing deceit and committing actual fraud.   Those who commit actual fraud cannot protect themselves against answering therefor by any form of warranty or any limitations which they may introduce in the terms of the warranty.   Fraud in the principal contract, the contract of sale, is not to be answered by setting up a collateral contract which was as much the offspring of the fraud as was the principal contract itself.   The special plea, as finally shaped by the plea of fraud, should not have been stricken; and in striking the same and in afterwards directing a verdict for the plaintiff the court erred.   *Judgment reversed.*