## 1412.   CAMP *v.* CARITHERS.

1. In an action for deceit, when the plaintiff's petition set forth that the statement made by the defendant was absolutely false and fraudulent. was known so to be by the defendant, was made for the purpose of deceiving plaintiff and procuring him to act, and that he did act upon the statement to his injury, and when the pleadings in the case made up an issue on the allegations thus made, it was not error for the court to fail to charge specially that the plaintiff could recover if such statement was made by mistake or innocently.

2. The Civil Code, § 3814, sets forth the essentials of an action for deceit, and the petition in this case was evidently drawn under that section, and properly set out a cause of action which, if proved, would have entitled the plaintiff to recover.

3. The charge of the court, as a whole, was a fair presentation of the law as embodied in that section, and the failure to charge section 4026 in connection therewith, under the pleadings in the cause, was not error.

4. Section 3814 declares that knowledge of the falsehood constitutes an essential element in all actions of deceit, and the reference in that section to fraudulent or reckless statements represented as true, which the party may not know to be false, if intended to deceive, is intended to declare what may amount to knowledge.

5. Section 4026 of the Civil Code, which says, "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake or innocently, and acted on by the opposite party, constitutes legal fraud," is to be found under chapter 10 of title 10, which deals generally with the question of fraud. It is a statutory declaration of what constitutes legal fraud. Its provisions are not all necessarily essential to the action of deceit, and that part of it which relates to fraud done by mistake or innocently could hardly be applicable to an action of deceit where, from the allegations, the scienter is an essential quality.

6. In an action for deceit, if section 3814 of the Civil Code is read to the jury, and if its provisions and requirements are explained in the charge, taken as a whole, judgment refusing a new trial will not be reversed, even though certain paragraphs of the charge may be subject to criticism; and especially so where the evidence in the case amply supports the verdict sought to be set aside.

Action for deceit, from city court of Jefferson—Judge Stark. August 14, 1908.

Argued November 27, 1908.—Decided September 30, 1909.

Russell, J., being disqualified, Judge Ellis, of the Atlanta circuit, was designated to sit in his stead.

*L. C. Russell, J. A. Perry, J. H Felker, J. A. B. Mahaffey, Cobb & Erwin,* for plaintiff.

*George A. Johns, John J. Strickland,* for defendant.

Ellis, J. The plaintiff, Camp, brought an action for deceit in the city court of Jefferson against the defendant, Carithers, and alleged that he had been damaged to the amount sued for in his petition by reason of the facts stated therein, which were charged in substance as follows: The defendant was, and had been during its existence, the president of a corporation known as the Winder Foundry and Machine Works, and represented to the plaintiff that in thirty months it had declared, or made a net profit of, one hundred per cent.; that its original capital was $10,000; that it had made clear $10,000, and that it was the purpose of the corporation to increase the capital stock from $10,000 to $30,000. $10,000 of this increase was to be issued to the stockholders then holding the

39

stock, in the way of dividends, and $10,000 of the stock was to be sold to outside and selected parties at par. The plaintiff charged that he had long known the defendant, had confidence in his personal integrity and business judgment, and that, relying upon the alleged representation of the defendant, he became a purchaser of $1,000 of the stock and paid for the same, and had a certificate therefor issued to him. He alleges that, a few years subsequent to his purchase, the defendant caused bankruptcy proceedings to be inaugurated against the company by the making of an affidavit in which he alleged that it was insolvent, and caused himself to be appointed receiver; and the plaintiff goes further and alleges that the stock purchased by him was practically worthless at the time he purchased it and was worthless at the time he filed his suit. Other allegations were made as to the writing of a letter by the defendant to the plaintiff, and as to the amount the defendant alleged the property to be worth at the time of the proceedings in bankruptcy, and as to the value of the assets at the time of bringing the suit.

The defendant filed an answer in the case, in which he substantially denied all the allegations made by the plaintiff, and specifically denied any misrepresentations to the plaintiff, and charged, that at the time the plaintiff bought his stock it was a good investment; that a statement was made of its assets, and that such statement and the books were accessible to the plaintiff, and that, if the plaintiff had investigated, the books would have shown the stock purchased by him to be worth par. He also set up that his action in respect to the bankruptcy proceedings was taken for the benefit of the corporation, to prevent it from falling into unfriendly hands by peremptory proceedings, by which it would have been prevented from the completion of a lot of work in process of construction. He said that such a step was necessary for its protection, and that, as soon as the work had been completed, it was taken out of the court of bankruptcy and the assets turned over to its own directors and stockholders, and that it had been since that time operated as a going concern. He denied that he made any false or fraudulent statement, or that he made any statement for the purpose of deceiving or misleading the plaintiff, or of procuring him to subscribe. He denied that the plaintiff had been damaged by any conduct of his. In his testimony the plaintiff used this

language: "He (the defendant) did not show me any statement, nor did he ask me to look at the books. I relied on the statement made by him that this concern had cleared one hundred per cent. in thirty months." He testified further that he did not know the market value of the stock when he brought the suit, nor now, and did not know its value since the bankruptcy proceedings, but does not think it would bring anything. On cross-examination the plaintiff further testified that the defendant told him the foundry made $10,000 in thirty months; he did not ask him how they arrived at it; that he supposed it could be arrived at by a statement by the manager and bookkeeper; that he did not know any other way to do it. Several other persons who had taken some of the $10,000 issue testified substantially as did the plaintiff, and from the testimony it is clear that they all made their purchases on the statement of the defendant as to the earnings, and their confidence in him as to personal and business good standing. The defendant introduced a number of witnesses who testified as to the business and assets of the corporation, among them the manager and bookkeeper. It was shown in the evidence that a statement had been issued just before the increase in stock, and the evidence all tended to show that the statement as to earnings showed earnings equal to one hundred per cent. for the thirty months covered by the statement. The defendant, in his testimony, uses this language: "We (plaintiff and defendant) were not together five minutes. I did not give him any information. He did not ask it. I did not tell him it was a good and magnificent investment." The letter to the plaintiff, signed by the defendant, was a simple statement that the capital stock would be increased to $30,000, and that if he wanted any of it at par, he could get it: "If you want any of the stock, come down, and I will show you what it has done." This is the letter which the plaintiff claims induced him to have the conference with the defendant, which he refers to in his testimony. There is a good deal of testimony in the record, but it all amounts substantially to this: that the plaintiff relied on the statement he says the defendant made, to wit, that one hundred per cent. had been made in thirty months; and upon the fact that he knew the defendant was a reliable and successful man, and knew he was president of the corporation. Practically the only definite proof that the concern was not worth the

amount claimed when the stock was sold was the subsequent bankruptcy proceedings and decrease in values.

In his petition the plaintiff charged that the statement made by the defendant as to the condition and profits of the said plant was absolutely false and fraudulent, and that the defendant knew at the time that the same was false and fraudulent, and that such representations by the defendant were made for the purpose of deceiving and misleading the plaintiff and for the purpose of procuring his said subscription, and that he acted on those false and fraudulent representations to his injury and was damaged in the sum sued for, to wit, $1,000. It will thus be seen that the plaintiff brought his action of deceit against the defendant under the provisions of section 3814 of the Civil Code, which is as follows: "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended tŏ deceive, is equivalent to a knowledge of the falsehood." It is declared in this section that wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. The balance of the section is declaratory of what must also appear as essential to support this. It declares that mere concealment of such fact, unless done in such a manner as to deceive and mislead, will not support an action. We might at this point read into the section the additional words "of deceit." It is also declared that in all cases of deceit, knowledge of the falsehood constitutes an essential element; so that wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action of deceit, where the party making the misrepresentation has knowledge of its falsehood. In further explanation of this statute, it is declared that a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood. In this case the plaintiff by his pleadings charged the defendant directly with knowl-

edge.    There was no attempt to charge him with facts and cir-
cumstances which would show a fraudulent and reckless repre-
sentation of facts as true which he might not have known to be
false, but the charge is squarely made that he did know that they
were false and fraudulent.

A careful reading of the grounds of the motion for a new trial
will disclose the fact that the plaintiff in error bases his right to a
reversal of the judgment of the court below, in refusing a new trial,
on the ground that the court did not submit to the jury the right
of the plaintiff to recover in the case if he could show that the de-
fendant misrepresented, though by mistake and innocently, a ma-
terial fact to induce the plaintiff to act, and upon which he did
act; and this contention brings under review another section of the
Civil Code.    Section 4026 of the Civil Code is to be found in chap-
ter 10 of title 10, which treats generally of fraud.    That section
declares:  "Misrepresentation of a material fact, made wilfully to
deceive, or recklessly without knowledge, and acted upon by the
opposite party, or if made by mistake and innocently, and acted on
by the opposite party, constitutes legal fraud."    This is a statutory
declaration of what is legal fraud, but it is not a statutory declara-
tion of what elements of legal fraud are applicable to actions of
deceit.    It must be remembered that in this case the plaintiff did
not sue the party who got his money; he did not undertake to say,
in his legal action, that the corporation, by its agent or presi-
dent, had induced him to part with his money for worthless stock
by false representations, even though made by mistake and inno-
cently; but he proceeds against the individual who is alleged to
have made the misstatement.    He says, in effect, "No matter who
has my money and retains it, nor who has obtained it wrongfully,
I elect to proceed against the party individually who injured and
damaged me by the making of a false and fraudulent statement."
And the question arises whether or not, in this kind of action, the
plaintiff can recover, if the defendant induced him to act by mis-
take or innocently.

The charge of the court, taken as a whole, we think substantially
and fairly submitted to the jury the law governing the plaintiff's
case as he made it.    He elected to put it upon the ground that the
defendant had made a misrepresentation to him, falsely and fraudu-
lently; that he knew it was false and fraudulent when he made it;

that he made it to induce the plaintiff to act, and that the plaintiff did act to his injury.    The general rule is that a plaintiff must recover, if at all, upon the case he makes in his pleadings; and if the court charged the law to cover the issues as presented in this case, he committed no reversible error.    If it be true that knowledge (actual or constructive) of the falsehood constitutes an essential element in an action of deceit, then, in a case where it is charged that the misrepresentation alleged to have been made by a defendant was made by mistake and innocently, without more, and acted on by the opposite party, could there be a recovery?    If not, then a failure of the court to charge this doctrine, if error at all, was not such as to cause a reversal of the judgment.    In this case the court read to the jury section 3814 of the Civil Code, in reference to an action for deceit; and in the charge as a whole, the provisions of this section and its requirements are explained.    The charge, taken as a whole, submitted the true issues of the case and the law concerning them, and while some of the paragraphs may be subject to criticism, yet we can see no ground for a reversal of the judgment refusing a new trial, and especially so where the evidence in the case amply supports the verdict sought to be set aside.    It is therefore ordered that the judgment of the court below be                                        *Affirmed.*