36686. NICHOLS *v.* WILLIAMS PONTIAC, INC., *et al.*

TOWNSEND, J. 1. Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article, and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article, and seek damages resulting from the fraudulent misrepresentation. In such case, however, if he sues in tort and fails to complete the rescission by tendering back the property, in the absence of special circumstances, his cause of action fails, and, on the other hand, if he sues in contract for damages he ordinarily cannot recover as for breach of warranty or failure of consideration where the provisions of the contract on which he relies contain a stipulation by such purchaser that he waives all warranties, express or implied. *Barfield* v. *Farkas,* 40 *Ga. App.* 559 (4) (150 S. E. 600); *Brown* v. *Ragsdale Motor Co.,* 65 *Ga. App.* 727 (16 S. E. 2d 176).

2. However, "a contract procured by fraud can not be fortified against attack by simply declaring itself immune." *Citizens & Southern National Bank* v. *Ware,* 184 *Ga.* 551, 556 (192 S. E. 22). Courts are zealous, where the allegations of the petition on demurrer, or the facts on the trial of the case, show actual and willful fraudulent misrepresentations on the part of one, acted upon by another to his injury, to construe the contract, and, giving effect to the terms of the stipulation or waiver therein contained, if a right of recovery still remains, to so declare. See *Beasley, Hallett & Co.* v. *Huyett & Smith Mfg. Co.,* 92 *Ga.* 273 (3) (18 S. E. 420); *Gullett Gin Co.* v. *Seagraves,* 49 *Ga. App.* 850 (2) (176 S. E. 922); *Farmer* v. *Lee & Smith Mule Co.,* 59 *Ga. App.* 257 (3) (200 S. E. 467); *Morton* v. *Tharpe & Co.,* 41 *Ga. App.* 788 (3) (154 S. E. 716); *Southern* v. *Floyd,* 89 *Ga. App.* 602 (80 S. E. 2d 490).

3. Applying the foregoing rules of law to this case wherein the plaintiff affirmatively alleges facts showing that the defendant, an automobile dealer, sold him an automobile which was both verbally and in the contract of sale itself represented to be a new 1956 Pontiac automobile, whereas it was in fact a used car which the defendant had cleaned up and on which he had turned back the odometer reading to zero for the purpose of wilfully deceiving the plaintiff, and which did deceive him into believing he was buying a new car, for the purpose of "getting rid of" a used car at an excessive price, and the plaintiff has been damaged in the difference between the market value of a new and of a used automobile of that make and model, a cause of action is set out unless there was an express waiver thereof.

4. A contract is to be construed against the party preparing the same. Code § 20-704 (5). The contract in question, denominated a purchase order, describes the subject matter of the sale as follows: "Make: 1956 Pontiac. Model Chief: 860 Cat. Cpe. New or Used: New. Serial No.: P756H33830. Motor No.: 9281; 8434. Price of Car: $3287. Other details follow." There then appears, under seal, the following: "I have carefully examined the said automobile, and accept same in its present condition, expressly waiving as against Williams Pontiac, Inc., any and all warranties as to the said automobile, either express or implied except that the same carries a clear title, and I expressly agree that, if accepted, the terms of this purchase order shall constitute the terms of sale," signed by the purchaser. Certainly this language constitutes a waiver of all prior and subsequent representations of the seller as to the subject matter of the sale. However, it cannot be contended that the language does more than this, and also waives the language of the purchase order itself, which it expressly, states "shall constitute the terms of sale." These terms constitute the very subject matter of the sale, without which there would be none. The seller could not, thus binding himself to the sale of a Pontiac automobile, substitute therefor a cheaper make and contend that the purchaser had waived one of the terms of the sale *contained in the instrument itself* which call for delivery of a Pontiac. A waiver of warranties does not waive the actual terms of sale when so stated therein, and one of the terms of this sale was that the automobile was new, not used. Since the waiver of warranties did not extend itself to

cover the subject matter of the sale as expressed in the purchase order of which it was a part, it does not preclude the plaintiff from bringing an action to recover damages for the failure of the defendant to deliver the property in accordance with these terms. The contention of the defendant in error that such a construction should not be applied to the purchase order because the language "I have carefully examined the said automobile and accept same in its present condition" shows that the buyer intended to purchase on the faith of his own examination and in effect agreed to purchase the automobile "as is" is not meritorious. Such language should, under the ruling in *Beasley, Hallett & Co. v. Huyett & Smith Mfg. Co.*, 92 *Ga.* 273, supra, be limited to such defects in a new 1956 Pontiac as would be discoverable on examination, and not extended to cover a latent defect not discoverable in the course of an examination, and deliberately concealed through the fraud of the seller in turning back the odometer reading, cleaning the car, and in all ascertainable respects giving it the same appearance as that of a new car.

This case differs from *Brown v. Ragsdale Motor Co.*, 65 *Ga. App.* 727, supra, relied on by defendant in error, in that there the alleged fraudulent misrepresentation—the year model of the automobile—did not form a part of the subject matter of the contract of sale.

5. Code § 20-1405 provides that exemplary damages can never be allowed in cases arising on contracts. Exemplary damages are such as are referred to in Code § 105-2002 (see *Interstate Life & Accident Co. v. Brewer*, 56 *Ga. App.* 599, 609, 193 S. E. 458) and the plaintiff here, having elected to sue in contract, cannot recover these, but is limited to his actual damages plus, in a proper case, those attorney fees and expenses of litigation set out in Code § 20-1404. In this connection see *Mosely v. Sanders*, 76 *Ga.* 293 (3). The fact that a part of the damages sought are not recoverable is not, however, a ground for dismissing the action.

The trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 17, 1957.

*Ralph M. Holleman, E. G. Kimsey, Jr.,* for plaintiff in error.
*Grover C. Willis, Jr.,* contra.