111 Ga. App. 600 (1965)
142 S.E.2d 288
HOLBROOK
v.
CAPITAL AUTOMOBILE COMPANY.
41086.
Court of Appeals of Georgia.
Argued January 11, 1965.
Decided April 7, 1965.
Rehearing Denied April 23, 1965.
Charles H. Wills, Paul C. Myers, for plaintiff in error.
Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr., contra.
FRANKUM, Judge.
Linda Lee Holbrook sued Capital Automobile Company for damages because of fraud and deceit alleged to have been perpetrated upon her by the defendant, through its agent and salesman, in making false representations to her concerning the condition of a used automobile which she allegedly purchased from the defendant in reliance thereon. Her petition alleged that the defendant, through its agent and salesman, one Pinkerton, sold her a 1963 model Ford Thunderbird automobile for $4.065.00; that when the automobile was first shown to her the mileage indicator reading was 10,000 miles; that Pinkerton represented to her it had been driven only 10,000 *601 miles; that it was in good mechanical condition and had been previously owned by a private individual; that in fact the automobile had previously been owned by Equipment Leasing Company of South Carolina and not by an individual; that in fact the automobile had been driven approximately 30,000 miles; that the defendant had turned back the mileage indicator reading for the purpose of defrauding her, and that the act of the defendant in turning back the mileage indicator did deceive her; that in fact the automobile was in poor mechanical condition and that she was deceived by the misrepresentations of the defendant's salesman; that she relied upon the representations and purchased said automobile as a result of said representations, and that the representations were false and knowingly false, and that all acts on the part of the defendant were done for the purpose of deceiving and misleading her to her damage.
In its answer the defendant denied all the material allegations of the plaintiff's petition, and further averred in its answer "that at the time of sale of said automobile to plaintiff, the plaintiff as purchaser signed, executed and delivered to defendant the used car order contract dated August 12, 1963," a copy of which was attached to the answer as Exhibit "A" and made a part of its answer. Thereafter, the defendant filed its motion for a summary judgment which was granted by the court, and the only assignment of error insisted upon by the plaintiff is on the order granting the summary judgment in favor of the defendant.
Upon the hearing of the defendant's motion for a summary judgment the contract referred to in the defendant's answer was introduced into evidence. The material part of that contract is as follows: "No salesman's verbal agreement is binding on the Company; all terms and conditions of this sale are expressed in this agreement; any promises or understanding not herein specified in writing are hereby expressly waived. The undersigned purchaser states that he has examined the above described car, is familiar with its condition, is buying it as a used car, as-is, and with no guaranty as to condition, model or mileage, unless otherwise specified herein in writing." In her response to defendant's request for admission of facts the plaintiff admitted that the signature appearing on the instrument containing this agreement was her signature, and in an affidavit made by her *602 in support of her response in opposition to plaintiff's motion for a summary judgment, plaintiff stated that: "After I received [the alleged false representations of defendant's agent] I signed the purchase order of August 12, 1963."
In Brown v. Ragsdale Motor Co., 65 Ga. App. 727 (3), 730 (16 SE2d 176), this court pointed out the five essential elements of a cause of action in tort based on fraudulent misrepresentations as follows: "The petitioner (the injured party) before he can recover in such an action must show or prove, (1) that the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. Young v. Hall, 4 Ga. 95, 98." While it was further held in that case that one who commits an actual fraud which induces another to contract cannot protect himself from answering for his fraud by placing a limitation in the contract itself, and that a collateral provision in the contract to the effect that the injured party in entering into the contract is relying on his own judgment, will not protect the one perpetrating the fraud where this agreement itself is procured directly as a result of the fraud perpetrated, yet, before such a rule comes into play, it must appear that the perpetrator of the fraud procured the defrauded party's signature to the contract itself by the perpetration of some fraudulent artifice which prevented the allegedly defrauded party from knowing the contents of the instrument itself or from exercising his own judgment in affixing his signature to the instrument. Alpha Kappa Psi Bldg. Corp. v. Kennedy, 90 Ga. App. 587 (1) (83 SE2d 580). In this case the plaintiff does not rely on any fraud perpetrated by the defendant in procuring her signature to the contract but merely attempts to plant her case on the allegedly fraudulent misrepresentations of the defendant's agent respecting the condition of the automobile. But it appears from the undisputed facts shown by the pleadings and the evidence adduced on the hearing of the motion for a summary judgment that the plaintiff, with her eyes wide open so to speak, and being fully cognizant of what she was *603 doing, signed the contract of sale or purchase order freely and voluntarily acknowledging that she was acting solely on her own judgment in purchasing the automobile. These facts place this case squarely within the rule enunciated and applied in Alpha Kappa Psi Bldg. Corp. v. Kennedy, supra.
Paraphrasing what was there said, the plaintiff failed to allege or prove any fraud as a result of which she signed the contract without knowledge of its contents, and there being no material misrepresentations in the instrument itself, when she signed the instrument she expressly waived her right to seek damages on account of any prior oral misrepresentations by the defendant. She is precluded by her solemn agreement from showing the fourth essential element of an action for fraudulent misrepresentations, to wit, that she relied on the alleged misrepresentations.
Not only did she solemnly contract and agree that she was purchasing the automobile solely on her own judgment, but she went even further and recited in the instrument that she was familiar with the condition of the automobile, and that she was buying it as a used car "as-is, and with no guaranty as to condition, model or mileage, unless otherwise specified herein in writing." (Emphasis supplied). In thus contracting she agreed that she took a chance in making the purchase, that she had looked the automobile over, and that she bought it at her own risk, taking it with all its faults. Findley v. Downing Motors, 79 Ga. App. 682, 684 (54 SE2d 716). Having thus contracted the plaintiff could not assert as a basis for rescinding the contract any prior oral representations respecting the condition of the car. Alpha Kappa Psi Bldg. Corp. v. Kennedy, 90 Ga. App. 587, supra.
It follows that the trial court did not err in rendering a summary judgment for the defendant.
Judgment affirmed. Bell, P. J., and Hall, J., concur.