## 46607. ROGERS-FARMER METRO CHRYSLER-PLYMOUTH, INC. v. BARNETT.

PANNELL, Judge. Under the undisputed facts shown on motion for summary judgment, this case is controlled adversely to the appellee by the decisions in *Holbrook v. Capital Auto. Co.,* 111 Ga. App. 601 (142 SE2d 288); *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, 731 (16 SE2d 176); *Butts v. Groover,* 66 Ga. App. 20 (16 SE2d 894). The purchase order, signed by appellee, after the alleged fraudulent misrepresentation as to mileage was made, reads in part as follows: "Buyer acknowledges he has read and received a printed copy of this order comprising the entire agreement affecting this purchase. . . No warranties, expressed or implied, are made by the dealer with respect to used motor vehicles or motor vehicle chassis furnished hereunder except as may be expressed in writing by the dealer for such motor vehicle or motor vehicle chassis, which warranty, so expressed in writing, is incorporated herein and made a part hereof. . . In case the vehicle covered by this order is a used vehicle, no warranty or representation is made as to the extent vehicle has been used, regardless of the mileage shown on the speedometer of said used vehicle."

Accordingly, the denial of the summary judgment for the defendant appellant must be reversed.

*Judgment reversed. Hall, P. J., Eberhardt, Quillian and Clark, JJ., concur. Bell, C. J., Jordan, P. J., Deen and Evans, JJ., dissent.*

ARGUED OCTOBER 4, 1971—DECIDED JANUARY 25, 1972—REHEARING DENIED FEBRUARY 17, 1972—

*Powell, Goldstein, Frazer & Murphy, Randall L. Hughes, B. D. Murphy,* for appellant.

*Baker & Bailey, Kirby G. Bailey,* for appellee.

DEEN, Judge, dissenting. Barnett bought an automobile from the defendant Chrysler-Plymouth dealer which had an

odometer reading of 26,700 miles. He was assured that the car was still subject to the 50,000 Chrysler-Plymouth warranty and "had about 25,000 miles left." In fact, as shown by the affidavit of the former owner who had traded it in on a new car, at the time the defendant took it in the odometer reading was 49,700. Construing the evidence against the dealer's motion for summary judgment as we must, it is obvious that an inference arises that the mileage was turned back while the car was in the defendant's possession being readied for resale and that the dealer may have done so.

The plaintiff is suing for a repair bill for a defect which, if the warranty were in effect as represented, it would have been the responsibility of the seller to remedy.

There is thus an unresolved issue of actual fraud on the part of the seller in misrepresenting the nature and quality of the goods sold, both by the representations of the salesman and by physically changing the odometer reading. Used car dealers must be licensed (*Code Ann. Ch.* 84-39), and may both lose their license and be subject to misdemeanor conviction for fraud or fraudulent practice or untrustworthiness or performance of any dishonorable or unethical conduct likely to deceive, defraud, or harm the public. *Code Ann.* § 84-3911 (i) (m); *Code Ann.* § 84-9965. On the defendant's motion for summary judgment I find a fact issue as to whether the overt and affirmative misrepresentation, if made, was not a fraudulent, criminal act reliance on which was the cause of the purchase of this vehicle by the plaintiff.

The majority opinion, however, by citing *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, supra, indicates it is following the rule (established prior to the Uniform Commercial Code) which points out the technical distinction between the options open to a purchaser who has been defrauded. If he *rescinds* the contract the law holds that it is void ab initio and he is therefore not bound by limitations in the contract, but he must return the goods so that the parties will eventually be returned to the status they occupied before the sale. If, however, he *affirms* the contract

and sues for damages he is entitled to damages for the breach resulting from the fraud, but on the other hand he is bound by all the terms of the contract. *Holbrook v. Capital Auto. Co.,* 111 Ga. App. 601, supra, was held such a case, but there the recitals in the contract were much stronger, i.e., that the purchaser agreed that no statement by a salesman was binding on the company, that he had examined the car, was familiar with it, and was buying it in an "as-is" condition. None of those statements are present here, and *Holbrook* is not controlling.

But back to the U.C.C. *Code Ann.* § 109A-2—721 specifically provides: "Remedies for material misrepresentation or fraud include all remedies available under this Article for nonfraudulent breach." *Code Ann.* § 109A-2—209 provides in part: "(1) an agreement modifying a contract within this Article needs no consideration to be binding. (2) A signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded. . . (4) Although an attempt at modification or rescission does not satisfy the requirements of subsection (2). . . it can operate as a waiver."

The paragraphs giving the trouble here are conditions 7 and 8 of the Vehicle Buyers Order which are printed statements to the effect that no warranties are made by the dealer with respect to used motor vehicles unless expressed in writing, and that no warranty or representation is made as to the extent such vehicle has been used regardless of the mileage shown on the speedometer. In my opinion this does not cover a situation where the dealer itself deceives the public by falsifying the odometer and the representation and warranty are in fact made to and relied on by the purchaser. This, at the very least, amounts to an attempted modification of the agreement which the law will construe to be a waiver. Having, by its fraud, waived these two printed exclusionary provisions of the contract of purchase, the defendant is not entitled to rely on them and thereby avoid the warranty under which it would otherwise be bound within the terms of the contract.

I would affirm the denial of the defendant's motion for summary judgment.

I am authorized to state that Chief Judge Bell, Presiding Judge Jordan and Judge Evans concur in this dissent.