## 47874. McMICHEN v. MARTIN BURKS CHEVROLET, INC.

Argued February 7, 1973 — Decided March 13, 1973.

*Kirby G. Bailey,* for appellant.

*Albert B. Wallace,* for appellee.

Clark, Judge. The sole question for determination is the correctness of the trial court's ruling which has been certified for immediate review whereby there were stricken from a recast complaint prayers for punitive damages and attorney fees.

As recast, the complaint recited purchase by plaintiff from defendant of a 1968 Chevrolet station wagon; that prior to the execution of the sales contract an authorized agent "represented to plaintiff that said vehicle was still under manufacturer's warranty and that said automobile had been driven only 26,109 miles" which figure was stated on the odometer; and that defendant had run the odometer backward from approximately 53,000 miles. An additionally alleged fraudulent artifice was acceptance of plaintiff's check for $25 to cover the charge for transferring the manufacturer's warranty which check was not used but later returned to plaintiff.

The gravamen of the complaint is contained in paragraph 12 reading "That the defendant made false

representations to plaintiff concerning the mileage and manufacturer's warranty on said vehicle; that the defendant knew said representations were false; that said representations were made for the purpose of deceiving plaintiff and to keep him from exercising his own judgment in signing Exhibit 'A' [sales contract]; that plaintiff relied on and was deceived by said misrepresentations; and plaintiff has suffered loss and damage as a result thereof."

The motion to strike punitive damages and attorney fees was based upon the complaint being one for breach of contract in which instance punitive damages are not allowable under Code § 20-1405.

We have quoted in full the allegations in paragraph 12 because these meet the five requisites needed to constitute a cause of action for fraudulent misrepresentations. *Gem City Motors, Inc. v. Minton,* 109 Ga. App. 842 (1) (137 SE2d 522). "Where fraud and deceit in the sale of an automobile is proved, it is a jury question whether the aggravating circumstances of the alleged tort warrant the imposition of punitive damages. [Cit.]" *Rustin Oldsmobile, Inc. v. Kendricks,* 123 Ga. App. 679, 680 (3) (182 SE2d 178).

Code § 20-1404 authorizes imposition of attorney fees as a part of the damages where the defendant has acted "in bad faith." Accordingly in *Champion v. Martin,* 124 Ga. App. 275 (183 SE2d 571) this court ruled that in a suit for fraud and deceit the plaintiff is entitled to have submitted to the jury the matter of allowance of attorney fees. See also *John C. Jackson, Inc. v. Hatch,* 115 Ga. App. 623 (155 SE2d 676). Of course the matter of evidence sustaining the allegations of wilful and deliberate concealment as well as bad faith in accomplishing the deceit must be sustained by evidence upon a trial.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*