## 48013. CENTRAL CHEVROLET, INC. v. CAMPBELL.

DEEN, Judge. 1. A sworn statement signed by an agent of the vendor stating: "This is to certify that Gerry D. Campbell has purchased from Central Chevrolet, Inc., 2930 Peachtree Road, Atlanta 5, Georgia, a 1967 Corvette serial no. 194677S118946" is an express warranty, not as to the condition but as to the identity of the goods sold, to the effect that the subject matter of the sale is a Corvette automobile of the year model stated, within the meaning of printed statements on the purchase order reading: "It is agreed and understood that all used cars are sold 'As Is' unless a written warranty is issued. We cannot guarantee speedometer mileage on any used car" and "Any used motor vehicle sold to Purchaser by Dealer under this Order is sold at the time of delivery by Dealer without any guarantee or warranty, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, as to its condition or the condition of any part thereof except as may be otherwise specifically provided in writing on the face of this Order or in a separate writing furnished to Purchaser by Dealer."

2. "A suit for damages by the defrauded party for the fraud committed is not a suit for the violation of the contract, but is one for a tort and involves affirmance of the contract, and he may keep the fruits of the contract and maintain an action for the damages suffered by reason of the fraud." *Tuttle v. Stovall,* 134 Ga. 325, 329 (67 SE 806, 20 AC 168); *Gem City Motors, Inc. v. Minton,* 109 Ga. App. 842 (1 c) (137 SE2d 522).

3. In an action sounding in tort for damages resulting from fraudulent misrepresentation, the gist of the action is the deceit intended, and it is indispensable to recovery that the scienter be both alleged and proved. *Leatherwood v. Boomershine Motors, Inc.,* 53 Ga. App. 592 (186 SE 897); Code § 105-302.

4. Fraud, being itself subtle, may be proved by slight circumstances, and where basic representations of the vendor which the vendee acted upon to his injury are proved it is ordinarily a jury question whether the false statements were made with intent to deceive or recklessly without any attempt to ascertain their truth or, innocently. *Central Chevrolet, Inc. v. Register,* 116 Ga. App. 598 (158 SE2d 270).

5. Campbell sued the defendant automobile dealer for damages

resulting from alleged fraudulent misrepresentations. The facts, construed in favor of a verdict for plaintiff for actual and punitive damages are as follows: Campbell and another went to the defendant's car lot and each bought a used automobile represented as a 1967 Corvette, and so stated in both the sales order and the accompanying certificate. The plaintiff's automobile was in fact a 1963 Corvette some of the external parts of which had been changed for 1967 parts. The interior was designed differently in many respects from a 1967 automobile, and the serial and motor numbers could only refer to the 1963 model. There were facts which experienced automobile men are aware of but which the plaintiff had no experience with and did not know. Eventually the vehicle was wrecked and when the plaintiff made an insurance claim it was discovered, and he was paid, on the basis that the vehicle was in fact a 1963 automobile. The defendant refused to make any adjustment.

The appellant earnestly contends that the misrepresentation, if proved, was innocent and cannot form the basis of an action for fraud. This, however, is a jury question. See *Aderhold v. Zimmer,* 86 Ga. App. 204 (71 SE2d 270); *Central Chevrolet, Inc. v. Register,* 116 Ga. App. 598, supra. We find ample evidence in the record to support a finding that the vehicle in question could not have been a 1967 model and that the vendor's agents as experienced new and used car salesmen could hardly have helped being aware of this fact in the use of any judgment whatever. Furthermore, the vehicle had been in the defendant's possession for over nine months at the time of the sale. This case differs from *Brown v. Ragsdale Motors,* 65 Ga. App. 727 (16 SE2d 176), where, because of the language of the contract, the plaintiff could not rely on any statement therein made but would have had to travel on total rescission and tender, which he failed to do. It differs from *Leatherwood v. Boomershine Motors, Inc.,* supra, because there the misrepresentation related only to a speedometer reading and it did not appear that this would be any more apparent to the vendor than to the vendee. The same is true of *Holbrook v. Capital Automobile Co.,* 111 Ga. App. 601 (142 SE2d 288), where the salesman's prior misrepresentation as to speedometer reading was merged in the completed contract.

6. The appellant further contends that the verdict for actual damages, punitive damages and attorney fees is excessive. The $800 actual damages is supported by evidence, and the damages awarded under Code § 105-2002 "to deter the wrongdoer from

repeating the trespass" are less than half of the amount sued for. "This court has no power to review and set aside the finding of the jury because their verdict is claimed to be excessive, unless it appears that the verdict was due to prejudice or bias, or was influenced by corrupt means." *Atlantic Greyhound Corp. v. Austin,* 72 Ga. App. 289 (3) (33 SE2d 718).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED APRIL 2, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED MAY 2, 1973 — 

*Wilkinson, Nance & Wittner, A. Mims Wilkinson, Jr.,* for appellant.

*Kyle Yancey,* for appellee.