## 48427. CITY DODGE, INC. v. GARDNER.

CLARK, Judge. This appeal is by an automobile dealer (defendant below) from the order denying his motion for new trial which had followed a verdict for plaintiff awarding both actual and punitive damages as well as attorney fees on a tort complaint averring fraud and deceit in the purchase and sale of a used car.

Plaintiff's case was based on an alleged fraud, that being his having been induced to buy a 1971 Dodge in reliance upon the salesman's express representation that it had not been "wrecked" when the fact was otherwise. This sad information was obtained shortly after the purchase as a result of motor and body troubles which caused plaintiff to take the car to garagemen for repairs. Thereupon, he notified defendant dealer that he was rescinding the purchase by reason of fraud simultaneously making an unconditional return of the automobile. When the dealer refused to accept such delivery the buyer made it a continuing tender by informing defendant he would place the car at his residence where it would remain and would not be used and where dealer was authorized to take possession thereof at any time. Subsequently the car was repossessed by the bank which had financed the purchase.

The dealer's defense was two-fold. One of these defenses was factual, this being a denial of any fraudulent conduct in support of which defendant presented its evidence, which included a showing that the dealer had purchased the car from a finance company without knowledge of it having been wrecked. But since plaintiff presented sufficient evidence concerning fraud to create a jury question the verdict of the jury adverse to defendant constituted a determination that the twelve "doctors of doubt"[1]

___

[1]The famous aphorism by the legendary Logan Bleckley reads: "The jury are the best doctors of doubt that we know. . ." *Central*

had preferred that version of the case made by plaintiff buyer on this issue.

The second defense was that plaintiff's signature to certain sales documents barred his action. These included a vehicle buyer's order and a sales agreement both of which contained an express disclaimer of warranty and a statement that "No other agreement, promise or understanding of any kind pertaining to this purchase will be recognized." The latter document also stated that the car was sold "as is." *Held:*

1. The controlling principle is stated to be that "Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article, and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article, and seek demages resulting from the fraudulent misrepresentation." *Nichols v. Williams Pontiac, Inc.,* 95 Ga. App. 752 (98 SE2d 659). The plaintiff in this case elected to rescind the contract, return the car, and sue in fraud. He did this by a written rescission accompanied by a continuing tender of the automobile. If he had chosen the alternative method, then the applicable legal principles which apply to a suit by a defrauded buyer who elects to affirm the contract and retains the article are found in *Rustin Oldsmobile, Inc. v. Kendrick,* 123 Ga. App. 679 (182 SE2d 178).

It is the fact of this effective rescission and continuing tender which takes the instant case out of the category of those decisions holding that a buyer of an automobile is precluded from recovery for fraudulent misrepresentations occurring during purchase negotiations when he subsequently signs a contract containing a disclaimer of any warranties except those expressed in writing exemplified by *Rogers-Farmer Metro Chrysler-Plymouth v. Barnett,* 125 Ga. App. 494 (188 SE2d 122) and the cases cited therein and by *Andrews Motors Co. v. Clement,* 127 Ga. App. 745 (195 SE2d 249). All of those rulings were in cases premised upon the contract. This distinction was pointed out in the most recent decision involving a suit by a defrauded buyer against a car dealer, that being *Central Chevrolet, Inc. v. Campbell,* 129 Ga. App. 30 (198 SE2d 362) (cert. denied). There at page 31 it is said "This case differs from *Brown v. Ragsdale Motors,* 65 Ga. App. 727 (16 SE2d 176), where, because of the language of the contract,

*R. Co. v. Ferguson & Melson,* 63 Ga. 84, 85.

the plaintiff could not rely on any statement therein made but would have had to travel on total rescission and tender, which he failed to do."

Because the case sub judice was not a suit on the contract as was the situation in both *Holbrook v. Capital Auto. Co.,* 111 Ga. App. 601 (142 SE2d 288) and *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587 (1) (83 SE2d 580) relied upon by appellant it is not necessary for us to deal with the question as to whether the signature was obtained by some fraudulent artifice which was discussed in those cases.

2. Enumerations of error 3 and 4 deal with a portion of the trial court's charge concerning the right of rescission of a contract. The pertinent portion reads: "And I charge you that misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." Appellant's objection is to inclusion of the words "if made by mistake and innocently, and acted on by the opposite party."

We observe the language objected to represents only a few phrases from a charge which was not only complete but was regarded by the plaintiff below as being unfavorable to plaintiff's cause to the extent that plaintiff's attorney noted six objections. Defendant's sole objection was to this principle. We do not deem it necessary to decide if it was erroneous or otherwise because it is clear that it was not harmful in the context of the entire case and of the complete charge.

Although there was evidence from defendant's employees, including the salesman, as to their innocence and lack of knowledge of the car having been wrecked the case was premised on actual fraud with the plaintiff presenting testimony from the defendant's mechanic contradicting the salesman in that he had informed him four days prior to the purchase concerning the car's condition. (T. 61). The totality of the charge was aimed at imposing the burden of proving actual fraud upon the plaintiff. Thus in two places (T. 135-136 and T. 142-143) in the charge the court emphasized the necessity of the plaintiff proving the five requisites needed to establish a cause of action for fraudulent misrepresentation. See *McMichen v. Martin Burks Chevrolet, Inc.,* 128 Ga. App. 482 (197 SE2d 395). Scienter is one of those five elements. "The charge, taken as a whole, submitted the true issues of the case and the law concerning them, and while some

of the paragraphs may be subject to criticism, yet we see no ground for a reversal of the judgment refusing a new trial, and especially so where the evidence in the case amply supports the verdict sought to be set aside." *Camp v. Carithers,* 6 Ga. App. 608, 614 (65 SE 583).

We do not here undertake to deal with the correctness of this language as to innocence, but we note that *Central Chevrolet, Inc. v. Campbell,* supra, regarded this to be a jury question and cited in support of its holding two automobile cases, they being *Aderhold v. Zimmer,* 86 Ga. App. 204 (71 SE2d 270) and *Central Chevrolet, Inc. v. Register,* 116 Ga. App. 598 (158 SE2d 270). Our ruling is that even if this portion might be erroneous nevertheless in the consideration of the pleadings and evidence and the instructions as a whole that the few words objected to must be considered as being harmless and nonprejudicial. It is clear that the jury could not have been misled by these few words dealing with the issue of innocence and therefore no harm has been shown. "Injury as well as error must be shown before a new trial will be granted." *Brook v. State,* 125 Ga. App. 867, 869 (189 SE2d 448); *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19); Code Ann. § 81A-161.

3. The final enumeration of error contends the verdict was grossly excessive and unauthorized by the evidence and therefore resulted from bias, prejudice and mistake on the part of the jury.

Appellant limited the argument on this phase to the general damages in the verdict which amount to $2,627.10. The evidence showed a balance of $2000 owing the bank which repossessed the automobile, $600 had been borrowed from a finance company to pay off the balance owed on the car traded in by plaintiff, and that plaintiff had paid $27 and some cents to replace a defective tire. It is thus clear that the amount of the verdict was within the range of the evidence. "The court will not disturb a verdict where there is sufficient evidence to support it. [Cits.] " *Western & A. R. v. Mathis,* 63 Ga. App. 172, 174 (10 SE2d 457). While it is true that there is no evidence with reference to the difference in value between the contract price and the market price, that measure of damages would not apply here as this was not an action on the contract of purchase but in tort after an effective rescission and continuing tender.

*Judgment affirmed. Evans, J., concurs. Hall, P. J., concurs specially.*

ARGUED SEPTEMBER 13, 1973 — DECIDED DECEMBER 4, 1973 —

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., John Tye Ferguson,* for appellant.

*Harmon & Smith, Archer D. Smith, III, Tyrone M. Bridges,* for appellee.

HALL, Presiding Judge, concurring specially to Division 1. There has always been a degree of confusion on the textbook rule "that one induced by fraud to enter into a contract has an election of remedies in that he may rescind the contract, or may recover damages for the fraud, but cannot do both." 120 ALR 1154; *Bacon & Co. v. Moody,* 117 Ga. 207 (43 SE 482); *Wade Ford, Inc. v. Perrin,* 111 Ga. App. 794 (143 SE2d 420); and the cases cited in the majority opinion.

All these citations are now moot with respect to the remedies a vendee or vendor has as to a contract for the sale of personalty. The legislature has enacted a law on the subject. It is called the "Uniform Commercial Code." Code Ann. § 109A-2—721 provides: "Remedies for material misrepresentation or fraud include all remedies available under this Article for nonfraudulent breach. Neither rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damage or other remedy." See also 67 AmJur2d 697, Sales, § 517.