## 52772. MARTIN BURKS CHEVROLET, INC. v. CLAYTON ELECTRIC COMPANY.

SUBMITTED OCTOBER 4, 1976 — DECIDED NOVEMBER 17, 1976.

*Albert B. Wallace, William R. L. Latson,* for appellant.

*Glaze & Glaze, George E. Glaze,* for appellee.

DEEN, Presiding Judge.

1. We disagree with the appellant's contention that the jury verdict necessarily implied a finding that they

rejected the plaintiff's theory of rescission of the contract. The plaintiff testified positively that he did rescind the contract and return the truck; the defendant refused to accept it and ordered it removed from the premises, and he then stored it on his own. The jury therefore apparently reached the conclusion that since the vehicle was in plaintiff's possession he was entitled as actual damages to recover only the difference between the price at which he bought it and the amount necessary to make it functional; in other words, the $180 necessary to install a new transmission. The award of punitive damages and attorney fees bears a necessary conclusion that the defendant was guilty of actual fraud on which the plaintiff relied to his injury.

The sale contract here contained the language: "Seller Makes no Express or Implied Warranties, of Merchantability, Fitness or otherwise, which extend beyond the description of the property on the face hereof." That this is a waiver of after-discoverd defects, see *Rogers-Farmer Metro Chrysler-Plymouth, Inc. v. Barnett,* 125 Ga. App. 494 (188 SE2d 122). If the buyer seeks damages, he must disaffirm the contract, return the merchandise, and prove actual fraud. *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176). We find the plaintiff's evidence sufficient to support a jury verdict based on this premise. We point out, additionally, that this case differs from those typified by *Brown,* in that here there was an agreement *prior* to the sale relating to an *acknowledged* defect, that it would be adjusted, so that at least under the plaintiff's evidence the actual subject matter of the sale was the vehicle *with the defect eliminated.* In the ordinary fraud case, the defect leading to rejection of the merchandise is discovered after the sale is completed, and after the waiver of warranties has been made, as in *Clayton County Bd. of Ed. v. Hooper,* 128 Ga. App. 817 (198 SE2d 373).

2. It is further contended that there is no evidence to support a verdict for actual damages in the sum of $180. In ordinary negligence cases it is well settled that cost of repair may be relied upon as the measure of damages provided it does not exceed the value of the automobile before injury. *Leggett v. Brewton,* 104 Ga. App. 580, 583

(122 SE2d 469). In the present case the jury may well have found that the plaintiff, had he chosen to do so, could have put the truck into operable condition for the cost of a new transmission (the approximate amount of the verdict) and elected, since in fact he had possession of it after the seller demanded it be removed from the lot, to award only such sum as actual damages. This being the minimum to which the plaintiff would have been entitled in such circumstances, the appellant has no reason to complain of the amount.

*Judgment affirmed. Webb, J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur in the result reached by the majority, that is affirmance of the verdict and judgment, but not in all that is said in the opinion. Count 3, after being amended, proceeded on the ground of fraud, in part claiming rescission, and in part affirming the contract and seeking damages occasioned by the fraud in inducing the execution thereof. The sale price of the truck which had been paid by the plaintiff was $3,126.50. The cost of repairs was fixed at $187.50 by one witness and $145 by another. The jury found actual damages of $180 plus attorney fees and punitive damages.

(a) The majority opinion holds that the jury verdict did not necessarily imply a finding they rejected the plaintiff's theory of recovery based on rescission; it appears to the writer that is exactly what the jury did do, inasmuch as they found as damages the cost of repairs rather than a return of the purchase price under a recovery based upon rescission.

(b) The finding of $180 damages was well within the range of evidence as to the cost of repairs fraudulently promised by the defendant in order to make the sale of the truck, and the verdict is thus authorized by the evidence.