76973. JAIN et al. v. CARLOAD DELIVERY SERVICE, INC.
(375 SE2d 99)

McMURRAY, Presiding Judge.

Plaintiff Carload Delivery Service, Inc., filed this action on a note and foreclosure of personal property against defendants Jain Enterprises, Inc., and Jain, individually. The complaint alleges that plaintiff sold to defendants its goodwill, trade names, trademarks, inventory, fixtures, motor vehicles and other equipment. In return, plaintiff allegedly received the promissory note at issue. As security for the payment of the note, the sales contract provided for the grant to plaintiff of liens on the motor vehicles, and security interest in defendant's inventory, equipment and fixtures. Following the defendants' alleged default on the note, plaintiff filed this action.

Defendants' answer raised several defenses including fraud in the procurement of the contract. Defendants also counterclaimed, alleging that plaintiff and its agents breached a restrictive covenant of the sales contract by competing with defendants.

Insofar as plaintiff's action sought foreclosure of personal property it was resolved by a consent order providing that plaintiff recover and defendants surrender certain equipment. However, defendants failed to voluntarily return these items and plaintiff had to levy on certain of these items.

Following discovery plaintiff filed its motion for summary judgment against defendants. Defendants appeal from the grant of plaintiff's motion for summary judgment. *Held*:

The sale and promissory note were executed on September 28, 1984. Defendants made monthly payments under the terms of the promissory note through August 1985. Defendants failed to make the payment for September 1985. At the time the defendants ceased paying, the balance due on the note was $297,417.52. Following default, defendants received from plaintiff an acceleration notice on the unpaid balance together with statutory notice of 15 percent attorney fees (the note contained a provision for 15 percent attorney fees). Defendants failed to pay the outstanding principal within ten days from receipt of said notice.

" 'Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article, and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article, and seek damages resulting from the fraudulent misrepresentation.' *Nichols v. Williams Pontiac*, 95 Ga. App. 752 (98 SE2d 659). Thus, where a purchaser has been induced to enter a contract by the false and fraudulent representations of the seller, he can recover damages in tort if he rescinds the contract and returns (or offers to return) the goods purchased. *City Dodge, Inc. v. Gardner*, 130 Ga. App. 502 (203 SE2d 729), aff'd, 232 Ga. 766 (208 SE2d 794). On the other hand, where the purchaser affirms a contract which contains a merger or disclaimer provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentation and his action for fraud must fail. *Brown v. Ragsdale Motors*, 65 Ga. App. 727 (16 SE2d 176); *Holbrook v. Capital Auto. Co.*, 111 Ga. App. 601 (142 SE2d 288); *Rogers-Farmer Metro Chrysler-Plymouth, Inc. v. Barnett*, 125 Ga. App. 494 (188 SE2d 122)." *Kot v. Richard P. Rita Personnel System*, 134 Ga. App. 438 (214 SE2d 690). See also *Hart v. Trust Co. of Columbus*, 154 Ga. App. 329, 330 (268 SE2d 384); *Woodall v. Beauchamp*, 142 Ga. App. 543, 545 (1) (236 SE2d 529); *Wheeler v. Pioneer Investments*, 217 Ga. 367 (122 SE2d 518); *Puckett v. Reese*, 203 Ga. 716 (48 SE2d 297); *Nixon v. Sandy Springs &c. Center*, 167 Ga. App. 272 (306 SE2d 362).

While defendants contend that they are not indebted in any sum due to fraud in the procurement of the sales contract, the alleged misrepresentations being in regard to the revenues and profits of the business which defendants purchased, defendants continued to own the business and use the assets purchased from plaintiff up to February 1986. Therefore, since the sales contract in the case sub judice contains a merger clause and defendants have retained the purchased items and operated the business in which they are used, for a period of time which was more than sufficient in length to afford defendants ample opportunity through the exercise of ordinary diligence to dis-

cover the alleged misrepresentations (defendants tardily sought to rescind only, and seek rescission after plaintiff's complaint was filed), defendants' failure to rescind the contract results in an estoppel or waiver, and the failure of the fraud defense. *Kot v. Richard P. Rita Personnel System*, 134 Ga. App. 438, supra.

Finally, we address the valuation of the items returned to plaintiff pursuant to the consent order of June 24, 1986. The state court credited defendants with the value of these items, $17,800, as established by the only evidence on the subject, an opinion stated in the affidavit of plaintiff's expert witness. Defendants contend that summary judgment predicated on this opinion evidence was not proper. The general rule is "that a summary judgment can never issue based solely upon opinion evidence." *Ginn v. Morgan*, 225 Ga. 192, 193-194 (167 SE2d 393). An exception to the general rule is applicable where a contention of fact is capable of proof only by expert testimony. See *Savannah Valley &c. Assn. v. Cheek*, 248 Ga. 745, 747 (285 SE2d 689). The value of personal property may be established both by expert opinion evidence and otherwise. Therefore, the case does fall under the general rule rather than the exception thereto. It follows that a genuine issue of material fact remains as to the amount of the set-off to which defendants are entitled. Therefore, the state court erred in granting summary judgment in favor of plaintiff and against defendants.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 19, 1988 —
REHEARING DENIED NOVEMBER 2, 1988.

*Albert B. Wallace*, for appellants.
*Walter W. Furlong*, for appellee.